JAMES M. & WM. D. McCLENNEY vs. STEPHEN G. McCLENNEY, and the ADMINISTRATORS OF JOSEPH FLOYD, Deceased, et al.— Error from Walker County.

The statute of limitations is available upon demurrer, if the petition shows on its face that the action is barred.

Creditors alone have a right to question the validity of a transfer of property to a third party; and the purchaser of the property may defend his right by showing that the character of creditor does not exist on the part of him who attacks the transfer.

A purchaser may set up the statute of limitation to a claim against his vendor, when the claim is sought to be enforced against the property purchased. This is a legitimate mode of showing that the character of creditor does not exist.

The execution of a lien on property in Alabama is no notice to affect creditors or subsequent purchasers of the same property in this country; and unless *actual* notice to the creditor or purchaser here is averred in the petition, in a suit to enforce the lien, a demurrer to the petition will be sustained. [1 Tex. 203.]

When a party pleads generally to an action, without setting up the statute of limitations in any form, either by demurrer or otherwise, it will be considered that he waives the statute.

Case stated in the opinion of the court.

YOAKUM, for plaintiffs, made and elaborated the following points: 1st. The plaintiffs being parties beneficiary in the trust, the holding of the negroes by S. G. McClenney was not inconsistent with the trust, and the statute of limitations would not run against them.

2d. That at all events it would not run against them in favor of a fraudulent purchaser, and without consideration. The demurrer admits the allegations in the petition.

3d. That it would not run in favor of Floyd until he obtained possession. The possession of McClenney will be deemed the possession under the *bona fide* and not the fraudulent claimant.

4th. That Floyd cannot plead the statute of limitations for McClenney.

The suit is brought by the *cestui que trust* on the mortgage. A fraudulent sale of the property could not divest their rights; they remained attached to it in the hands of the purchaser. [1 Story's Eq. sec. 433; 2 Story's Eq. sec. 977; 1 Peere Wms. 129; 2 Vernon, 271; 2 Fonbl. Eq. B. 2, ch. 7, sec. 1.]

Floyd, by his demurrer, admits that his purchase was without consideration, fraudulent and void. What right, then, has he to plead the statute for S. G. McClenney? [3 Hayw. 156.]

This is a technical trust, *expressed* in the deed; and the statute does not run as between the *cestui que trust* and those who hold the property for their benefit. [Mart. & Yerg. R. 361; 3 Yerg. 201; 4 Yerg. 104; 9 Cow. 437.]

There cannot be a dissenisin, abatement or intrusion, as to a trust estate, technically so called; the intruder being deemed to hold for the *cestui que use.* [1 Madd. Ch. 363; 4 Kent's Com. p. 189; sec. 58, 2 Story's Eq. 975.]

S. G. McClenney, who created the trust, stipulated that he should retain the use and control of the property until a sale became necessary. He is, therefore, *pro tanto*, a trustee, not

by implication, but by contract. His holding is consistent with the trust, and a voluntary and fraudulent claimant, under him, holds in the same light. No lapse of time can aid a voluntary and fraudulent claimant not in possession. [10 Yerg. 376; 4 Yerg. 104; Dallam, 435 and 568.]

The bar in this case could not be sustained even on a plea, still less on demurrer.

GILLESPIE for defendant in error.

This suit was not maintainable against any of the parties. No cause of action or right to a decree was shown by the petitioners. Their suit was in the nature of a chancery proceeding, and a demurrer has always been held to meet the defense set up and insisted on in the exceptions. [Swenson et al. vs. Walker's Adm'rs.]

The act of 1836, p. 156, provides that no right as against third parties shall be enforced until the lien is recorded in the county where the property may be. None such being recorded, and the time having elapsed when suit could have been maintained on the notes, the defendant Floyd had a right to regard it as a rule of property, and his claim secure. [Ross vs. Duval, 13 Peters.]

The mortgage was only auxiliary to the notes, to be acted on as circumstances might require. The foundation, the real cause of action, having failed by lapse of time, the other must fall. [Stampers vs. Johnson, decided present term.]

The whole proceedings in this case show that it is but another mode adopted between all the parties, except the administrator Floyd, to deprive the estate of the property expected from the suit referred to in the petition. Their defenses are fashioned to assist the plaintiffs in obtaining a judgment, and for which reason the court below dismissed the whole bill.

LIPSCOMB, Justice, delivered the opinion of the court.

This was a suit brought by the plaintiff to foreclose a mortgage.

The petition states that the defendant, Stephen G. McClen-

ney, on the 12th of July, 1839, executed to one Justice M. Rawls a conveyance of certain negroes in trust to pay certain debts, to become due to the plaintiff at the time stated in the mortgage; the last payment falling due on the 28th of April, 1841. In the event of the non-payment of the debt by Stephen G. McClenney, the trustee, at the request of either of the beneficiaries named in the trust deed, should sell at public auction in Union Town, in the state of Alabama, where the mortgage was made, and where the property and the mortgagor then were (first giving the notice required in the deed), the negroes, or so many of them as should be necessary. The petition further shows that, until the sale should become necessary, Stephen G. McClenney should use and control the property. The petition also alleges that, in the spring of 1840, the said Stephen G., without the knowledge or consent of the parties to the trust, brought the negroes to the then republic of Texas.

That in 1842 the trustee died, and in the fall of that year Stephen G. McClenney, without any consideration, transferred the negroes to Joseph Floyd, his then father-in-law. Plaintiff alleges that this transfer was fraudulent, and that Stephen G. McClenney retained possession of the negroes. That Joseph Floyd, dying intestate, George A. Floyd, his administrator, sued Stephen G. McClenney for the negroes, which suit is still pending.

This suit was commenced on the 15th of December, 1847; the petition was taken as confessed against all the defendants except Floyd and Stephen G. McClenney.

On the 31st of March, 1848, Floyd filed a general demurrer, and other defenses; and at the succeeding term, without leave of the court, filed his exceptions, setting up the statute of limitations.

The defendant, Stephen G. McClenney, for answer filed a general denial, and answered certain interrogatories in the case.

The court sustained the demurrer and exceptions of Floyd, and dismissed the suit as to him; and the cause coming on to be heard as to the defendant Stephen G. McClenney, the suit was also dismissed as to him. To reverse the decrees above stated the plaintiff obtained a writ of error.

We will first examine the decrees on the demurrer of Floyd. The petition of the plaintiff showed that the debts, to secure which the mortgage was given, had been due more than four years before the commencement of this suit, and that the defendant, Stephen G. McClenney, had been within the jurisdiction of the courts of Texas from the time of the maturity of the notes; and according to the decisions of this court in the case of Coles vs. Kelsey, at the last term, and McKinney & Williams and Swenson vs. Walker's Administrators, the present term, the statute of limitations can be set up by way of demurrer to the cause of action, if the petition shows on its face that the action is barred. In the correctness of these decisions the majority of the court entertain the fullest confidence. The setting up the statute by way of exception at a subsequent term was not offering a new defense; it was nothing more than advising the plaintiff of one of the grounds of defense in law intended to be embraced in the demurrer, and although, according to the case above referred to, he was not bound to set up the defense as a special exception of the statute, and it would have been available without doing so, yet it was no ground of objection on the part of the plaintiffs, that the defendant had specially advised them that he relied on that defense. The only question is as to the right of the defendant to set up the bar of the statute. It must be borne in mind that the appellants seek to sustain a lien on certain property alleged by them to have been transferred by Stephen G. McClenney to Joseph Floyd in 1842; it is true they allege that this transfer was without consideration, and fraudulent; but they have made the administrator of Floyd a party, and they aver the pendency of a suit between the administrator and Stephen G. McClenney for the negroes, founded on that transfer. Now it is in the character of creditors alone that they have any right to question the validity of that transfer; unless that character can be sustained, it would be an officious intermeddling in them to attempt to disturb the transfer, even if it was founded in fraud. The administrator of Joseph Floyd, claiming the negroes by purchase from Stephen G. McClenney, had a right to defend himself by showing that the character

of creditor did not exist, or if it did, it would no longer sustain the lien. And one ground on which he insists that the lien has been discharged is, that the statute had interposed a bar to the debt secured to be paid by the lien; this latter, being only accessory to the former, it had to fall with its principal.

This we believe to be sound doctrine, and we have so decided in this court — Graham vs. Vining & Vining, and Standifer vs. Johnson; and it has been repeatedly so ruled in Louisiana.

There is another ground on which the demurrer might well have been sustained. The petition does not contain any averment that would let in proof that the defendant, claiming as purchaser, had either actual or constructive notice of the lien that it set up in the plaintiffs' petition. Its execution in Alabama, and its record there, could not affect either creditors or purchasers here, without notice actually brought home to them, or such facts brought to their knowledge as to have amounted to notice. [See Crosby vs. Huston, 1 vol. Texas Rep. p. 203.]

There is another ground on which it is not clear but that the demurrer was well taken.

The plaintiffs show in their petition a suit pending between Stephen G. McClenney and the defendant Floyd, founded on the transfer of the negroes to Joseph Floyd; they do not allege that the suit had been collusively instituted and conducted between them. In that suit Floyd, the administrator, sues for the negroes, and the vendor of his intestate contests the validity of the sale; and under such circumstances it is not so clear that he could be called on in this action to sustain and litigate a matter already before a court of competent jurisdiction. The plaintiffs could have had their rights, if any, well secured by proceeding against their debtor, Stephen G. McClenney, in the event of his succeeding in defeating the claim of Floyd, and upon that it seems to be clear that their recourse must depend at last. On this point, however, it is not necessary to decide.

On the former grounds, we are satisfied that there is no error in the decree dismissing the petition on the demurrer of Floyd.

As to the correctness of the decree on the bill, answer and

exhibits between the plaintiffs and the defendant, Stephen G. McClenney, we are not so well satisfied. There can be no doubt, from the views we have expressed in discussing the decree on the demurrer of the defendant, Floyd, that a good and complete defense could have been made on the statutory bar by this defendant likewise, but he has not set it up in any way that has been recognized by this court. He appears, and as it is a matter of form, it would seem, in his own proper person, and pleads a general denial; and if it stopped here, we might perhaps legitimately draw the conclusion that from the lapse of time, seven years since the property was brought from Alabama to this country, and no assertion of claim in all that time, and no excuse for the delay, that it had been paid. The defendant, however, in his answers to the interrogatories propounded by the plaintiffs, says that only a part of the debt, not amounting to one-fourth, had been paid, and that he ought to have been credited with this payment. Such circumstances we are disposed to consider as a waiver of the statute and an acknowledgment of the debt. The lien of the plaintiff, then, as far as it could be done without prejudice to purchasers or creditors, should be sustained between the original parties. It is clear, as we have seen, that the lien cannot affect the rights of Floyd; but should that incumbrance be removed by Floyd's failure in the suit, there would, so far as we are advised, be no other impediment to the plaintiffs' enforcing the lien against Stephen G. McClenney. There were other parties made defendants, but as there was no decree against them, or in their favor, we cannot notice any right they may have, as they are not before us; and as the case will go back to the court below, so far as the plaintiff and Stephen G. McClenney are concerned, the court will dispose of the other defendants, not here mentioned, accordingly as they may present their rights.

The decree of the court below, sustaining the demurrer of the administrator of Joseph Floyd, and dismissing the cause as to him, is affirmed with costs against the plaintiff in error.

. But the decree of the court below, dismissing the cause as to the defendant, Stephen G. McClenney, is reversed, with costs

against him; and the cause as to him is remanded, with instructions to the court below to enter a decree, as to him, in accordance with the principles decided by this opinion of the court.