# Beard *v.* Horton.

## *Action on Common Counts, for Money Paid.*

1. *When action lies for money paid.*—A bank clerk, whose duty it is to make collections for it, and who collects on a draft, by mistake, less than the amount due, may maintain an action for money paid against the debtor for the balance, on proof that the bank has paid the amount to the owner of the draft, and has accepted his note in settlement of his liability.

2. *General charge on evidence; when erroneous.*—When the evidence on a disputed question of fact is oral, and is conflicting, a general charge in favor of either party is erroneous.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. LEROY F. BOX.

[Beard v. Horton.]

This action was brought by J. W. Beard, an infant suing by his next friend, against H. M. Horton; and was commenced by attachment, sued out on the 8th October, 1887. The complaint contained the common money counts, each claiming $318.21; and another count was added, claiming the same amount as due on account from the defendant to Farabee, Hunter & Co., which had been transferred to the plaintiff. The cause was tried on issue joined on the plea of *non assumpsit.* The issue of fact was, whether the defendant had paid the full amount of $370.86, on a draft drawn on him by Farabee, Hunter & Co., through the German Bank of Memphis, Tennessee, which was sent to the Birmingham National Bank for collection, of which bank the plaintiff was the collecting clerk; or whether, by mistake of plaintiff in collecting it, he had only paid $52.90. The Birmingham bank at first remitted to the Memphis bank only $52.90, as the amount collected; but, on discovery of the mistake, remitted the balance ($318.21), and charged it to the plaintiff, taking his notes for the amount, which were still unpaid when the action was brought. The plaintiff, testifying in his own behalf, stated that he had only collected $52.90 from the defendant by mistake, though he had stamped the draft *Paid*, and had delivered it to the defendant; and one Ansley, the cashier of the Birmingham bank, corroborated his testimony as to the manner in which his liability to the bank was settled. The defendant testified in his own behalf, that he had paid the full amount of the draft to the plaintiff, stating particular circumstances as to the manner of payment; and one Shackleford, from whom he procured $30 of the money, corroborated his testimony in some particulars. The court charged the jury, on request, that they must find for the defendant, if they believed the evidence; and refused to charge, on request of the plaintiff, that they must find for him, if they believed that the balance of the debt (over and above the $52.90) "was paid in the manner described by the plaintiff and said Ansley." The charge given, and the refusal of the charge asked, are now assigned as error.

JAMES WEATHERLY, and S. A. PUTMAN, for appellant.

MARTIN & McEACHIN, *contra.*

CLOPTON, J.—The account, which was transferred by Farabee, Hunter & Co. to plaintiff, having been paid, either

[Beard v. Horton.]

by defendant or the Birmingham National Bank, before its transfer, does not constitute a sufficient cause of action. As the case is presented by the record, the *gravamen* of the action is money paid by appellant, for the benefit of the appellee. The principles, which underlie such actions, are well settled. In order to enable one, who paid money to the use of another, to maintain an action for money paid, two things are essential—a legal liability on the part of the defendant to pay the original demand, and his antecedent request, or subsequent promise to pay. No person can make another a debtor against his will; and a voluntary payment of the debt of another, without his knowledge or consent, the party paying being under no legal obligation to pay, will ordinarily be regarded a gratuity, and the money can not be recovered back. An express request or promise is not essential. If the party paying is under a legal obligation to pay, and a primary obligation rests on the person for whose benefit the money is paid, a request, or promise, sufficient to uphold the action, will generally be implied. As illustrative, the following instances may be noticed: Money paid in ignorance, or under mistake of facts, may be recovered. *Young v. Lehman,* 63 Ala. 519. A party compelled, in order to preserve his rights, to pay the debt of another, may recover the amount so paid, from the person whose duty it was to have paid the debt.—*Walker v. Smith,* 28 Ala. 569. Also, where a person is compelled by operation of law to pay a debt, which another in equity and good conscience ought to pay, he may recover the amount of such person.—*Ticonic Bank v. Smiley,* 27 Me. 225. It has been held, that a surety on the official bond of a sheriff, who has paid a judgment recovered against him for his principal's default, in failing to return, or make the money on an execution, may recover the amount paid from the defendant in execution, on proof of an agreement between him and the plaintiff therein, that suit should be instituted against the plaintiff and his surety, and if the money could be made out of the latter, the defendant in execution should no longer be pursued.—*Evans v. Billingslea,* 32 Ala. 395. The principle on which the case last cited rests is, that where a person owes a debt, and by any trick, deceit or contrivance, causes another to pay it, the party paying it may maintain an action against such person for money paid, and the means used to bring about such payment are immaterial.—*Cross v. Cheshire,* 7 Exch. 43.

The following facts are undisputed: On June 7, 1887,

[Beard v. Horton.]

Farabee, Hunter & Co. draw a sight draft on defendant, for three hundred and seventy dollars and eighty-six cents, being the price of a car-load of corn sold by them to defendant. The draft was forwarded for collection to the Birmingham National Bank. The plaintiff was in the employ of the bank, and had charge of its collections. The bank paid the entire amount of the draft to the holders, and took plaintiff's notes for the amount, which, it is alleged, he failed to collect. The material fact controverted is, whether defendant paid the plaintiff the full amount of the draft, or whether plaintiff, by mistake, collected only fifty-two dollars and ninety cents as being its full amount, and thereupon stamped it paid, and delivered it to defendant. An action for money paid can not be maintained, unless there has been a payment of money, or its equivalent. If the notes of plaintiff, however, were accepted and taken by the bank as payment, and defendant's liability, except as to plaintiff, was discharged, this is equivalent to a payment in money, and is such payment as will uphold an action for money paid.

The institution of legal proceedings is not requisite to constitute a compulsory payment. If the plaintiff made the payment to the bank because of a legal liability, the payment is not voluntary. The bank having received the draft, and having undertaken its collection, was liable to the holders for any loss occasioned by the negligence of its employee; and the plaintiff, being an employee of the bank, is responsible to it for any damage caused by his negligence or his mistake in the performance of his services.—*Mobile & Montgomery Railway Co. v. Clanton,* 59 Ala. 392. The defendant being primarily liable for the payment of the draft, if, by design on his part, or by mistake of the plaintiff, known to defendant, he only paid a small portion of the draft as the full amount, and took up the draft as paid, and the bank has paid the entire amount to the holders of the draft, and the plaintiff has paid it to the bank, his claim to be reimbursed is based on sound principle. Of course, if the defendant paid the entire amount of the draft, the plaintiff is not entitled to recover. On this material question of fact, the evidence was in conflict; and being in conflict, the question should have been submitted to the jury. When there is a conflict in parol evidence, the affirmative charge in favor of either party should not be given.

Reversed and remanded.