GRAND ISLAND MERCANTILE COMPANY V. HOMER L. MCMEANS.

FILED JUNE 20, 1900.    No. 9,262.

1. **Verdict: EVIDENCE.** Evidence examined, and *held* to sustain the verdict.

2. **Preponderance of Evidence.** The mere fact that the testimony of the plaintiff is contradicted in every essential particular by that of the defendant does not necessarily determine that the former has failed to make out his case by a preponderance of the evidence.

3. **Instructions.** The instructions examined, and *held* not to have made a comparison between the testimony of one witness and that of another, or to have reflected on the evidence adduced by the defendant.

ERROR to the district court for Hall county. Tried below before THOMPSON, J. *Affirmed.*

*W. H. Thompson,* for plaintiff in error.

*J. H. Woolley* and *Charles G. Ryan, contra.*

NORVAL, C. J.

Homer L. McMeans was the ticket and freight agent of the Union Pacific Railroad Company at Grand Island. A car load of sugar was received at said point over said railroad from San Francisco consigned by the shipper, with notice to deliver the sugar to the Grand Island Mercantile Company. The freight rate thereon from the initial point of shipment to Omaha was $202, which sum was paid by the consignor. For some reason not to us apparent the rate from San Francisco to Grand Island was $307.04, or $105.04 more than the Omaha rate for hauling the car a considerably shorter distance. McMeans, without the remainder of the freight having been paid, in violation of the rules of his company, delivered the car of sugar to the defendant, and the former was compelled to, and did, pay the remainder of the freight

to the railroad company. He instituted this action to recover the amount so paid from the Grand Island Mercantile Company, and was successful in the court below.

The first contention is that there is an entire failure of any proof tending to show an oral request of the defendant to pay the freight charges, or a promise of the defendant to reimburse McMeans for the amount of freight advanced. The evidence is to the effect that on the arrival of the sugar at Grand Island the car was not set on the switch for unloading because of the unpaid freight, and Mr. Peterson, the president of the defendant, was so notified, who told plaintiff to have the car placed upon the switch and his company would pay the freight charges. In compliance with this, McMeans caused the car to be set on the switch, and the defendant accepted and received the consignment of sugar. Plaintiff having violated the rules and regulations of the railroad company in delivering the freight before the charges had been paid, became liable therefor to his employer, and he having paid the freight charges to the railroad company, the defendant became liable to him for the amount so paid. Whether the railroad company was entitled to a larger sum for hauling the car from San Francisco to Grand Island than was the rate thereon from the initial point of shipment to Omaha is not a material question at this time, since the defendant obtained the car on the agreement to pay the charges. Plaintiff having been compelled to pay them himself, the law raised the promise on the part of the defendant to reimburse him therefor. It follows that the trial court committed no error by the exclusion of certain exhibits offered by the defendant, and that the evidence sustains the verdict. We have examined the other rulings on the introduction of evidence and find no prejudicial error therein.

Exception is taken to instruction 8, which is as follows: "8. If you find from the evidence that the plaintiff paid the money as alleged in plaintiff's petition, and that said money was so paid at the request of the defendant, then

you are instructed that the law implies a promise on part of defendant to repay the same to plaintiff, and then, and in that case, if you find that the same has not been repaid, you should find for the plaintiff for the sum so paid with interest at 7 per cent from date of such payment." It is not pointed out in the brief of defendant wherein the foregoing instruction is faulty. It seems to be applicable to the evidence, and is within the issues tendered by the pleadings.

The trial court properly informed the jury, in the ninth and tenth instructions, that they had nothing to do with the question as to what constituted a just and reasonable freight rate from San Francisco to Grand Island. The defendant agreed to pay the freight charges, with knowledge of their amount, and having obtained the sugar on that promise, it can not urge that the rate was exorbitant to defeat a recovery in favor of the plaintiff.

Complaint is also made of the fifth instruction, which reads: "The jury are further instructed that it does not necessarily follow that a plaintiff has failed to establish his case by a preponderance of proof because he has testified to a state of facts which are denied by the testimony of the defendant. In such a case, in arriving at the truth, the jury have a right to take into consideration every fact and circumstance proven on the trial, such as the situation of the parties, their acts at the time of the transaction and afterwards, so far as they appear in evidence; their statements to others, if any proven in relation to the matters in question, as well as their statements to each other, as well as their appearance on the witness stand and their manner of testifying in the case." This portion of the charge was not, as suggested by counsel, in disparagement of the testimony of defendant, nor did it tend to strengthen that of plaintiff. It is true that he did not fail to make out his case by a preponderance of the evidence, merely because his testimony, in every essential matter, was contradicted by that adduced by his adversary. The preponderance of the evidence is not

determined by such a rule. Many matters enter into the solution of the question, as the jury were properly advised by the court below. The fifth instruction did not, as urged in argument, compare the testimony of any witness or party with that of another witness or party. *Argabright v. State*, 49 Nebr., 760, cited by the defendant, is inapplicable here. There the trial court, in its instructions, specifically named certain witnesses for the defense and cautioned the jury that, if they had testified falsely as to any material matter, their testimony should be wholly rejected where uncorroborated by other credible evidence. Manifestly it was error to so advise the jury. But no instruction of that import was given in the case at bar.

The sixth instruction was apt. The evidence was so conflicting that it would have sustained a verdict for either party.

No reversible error having been called to our attention, the verdict and judgment are

AFFIRMED.