HOUSTON SAENGERBUND V. FRANK DUNN.

Decided January 18, 1906.

**1.—Hearing Motion for New Trial—Rule 71 for District Courts Construed.**

It is within the discretion of the District Court to hear and determine a motion for new trial within less than two days before adjournment for the term, especially when the submission of the motion until so late a day has been caused in part by the conduct of the opposite party. The provisions of Rule 71 for the District Courts are not mandatory.

**2.—Landlord—Breach of Contract to Repair—Limitation.**

Where a tenant sues for damages caused by the failure of the landlord to repair as by the terms of a written contract he was bound to do, the four years', and not the two years', statute of limitation applies.

**3.—Issue—Pleading and Evidence—Charge.**

Where the plaintiff plead that the agreement to arbitrate was entered into by the defendant or his representative, and the evidence tended to show that said agreement was made by a representative, it was error to refuse to charge that the defendant would be bound by the award if he, either by himself or his agent, agreed to the submission.

**4.—Arbitration—Scope of Submission.**

Where the evidence was conflicting as to the scope of the submission to arbitration, it was error for the court to instruct the jury to find for the plaintiff upon the award only in the event the questions both of law and fact were submitted to the arbitrators. It is competent for parties to submit the matters in dispute between them to arbitration without any special reference to questions of law.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Taliaferro & Wilson,* for plaintiff in error.—The court erred in sustaining the motion of defendant in error to dismiss, and in dismissing without hearing or determining the motion of plaintiff in error for a

new trial, on the ground that there was not two full days prior to adjournment of the court. Rev. Stats., art. 1374; Wood v. Wheeler, 7 Texas, 16; Ellis v. Harrison, 56 S. W. Rep., 592; Mitchell v. Mitchell, 84 Texas, 305; Wells v. Melville, 25 Texas, 338; Puckett v. Reed, 37 Texas, 309; De Leon v. Owen, 3 Texas, 154; Mills v. Bagby, 4 Texas, 322, 324; Bryorly v. Clark, 48 Texas, 353; Hamblen v. Knight, 60 Texas, 40; McPherson v. Johnson, 69 Texas, 489; Brown v. Reed, 62 S. W. Rep., 74; Calverly v. Shanks, 67 S. W. Rep., 436; Kohn v. Washer, 69 Texas, 69, 70.

Plaintiff's cause of action, being for breach of a written covenant to repair, is an action where the indebtedness is founded upon a contract in writing, and is subject to the four, and not the two, years statute of limitations. Rev. Stats., art. 3356; Robinson v. Varnell, 16 Texas, 388, 389, 390; Trube v. Montgomery, 7 Texas Civ. App., 560, 27 S. W. Rep., 20; Schurenberg v. Wilhelm, 23 S. W. Rep., 817; Clay v. Clay, 13 Texas, 204.

In order to constitute a valid arbitration and award, it is not necessary that a legal cause of action be submitted; it is sufficient if there is a bona fide difference of opinion between the parties as to their rights. 3 Cyc., 590, 591; 2 Am. & Eng. Ency. Law, 553.

Where a landlord leases different parts of a building to different tenants, retaining in his control those portions of the building the use of which must of necessity be enjoyed by all the defendants in common, he is liable to any of the tenants for damages that may accrue to them by reason of the want of repair of the portion of the building retained in his control. McGinley v. Alliance Trust Co., 56 L. R. A., at 336; 66 S. W. Rep., 153, 154; 168 Mo., 157; O'Connor v. Andrews, 81 Texas, 29; Dollard v. Roberts, 14 L. R. A., at 241 (note); 130 N. Y., 268; Toole v. Beckett, 67 Me., 544, 24 Am. Rep., 54; Glickauf v. Maurer, 75 Ill., 289, 20 Am. Rep., 238; Marshall v. Cohen, 44 Ga., 489, 9 Am. Rep., 170; 18 Am. & Eng. Ency Law (2d ed.), 220.

*E. P. Turner,* for defendant in error.—Rule 71 is a rule of the Supreme Court of the State of Texas, and is not a rule of the District Court, and is made by the Supreme Court in the exercise of the power conferred on it by law, and as such is mandatory to the District and inferior Courts, and can not be legally disregarded by the District Court, but must be enforced by it.

The charge of the court was correct, and the action for damages, filed on the 15th of October, 1902, was in the nature of tort, and was one which became barred in two years from the date of the alleged accrual of the same.

This is an action sounding in damages, in the nature of tort, and as such is barred by the statute of limitation of two years.

The alternative action is one sounding in damages to property, and, under the statute of this State, is barred in two years from the date of the accrual of the cause of action. Fort Worth R. R. Co. v. McAnulty, 26 S. W. Rep., 414; Galveston, H. & S. A. Ry. Co. v. Roemer, 20 S. W. Rep., 843; Galveston, H. & S. A. Ry. Co. v. Clemons, 47 S. W. Rep., 731; International & G. N. R. R. Co. v. Pelkard, 1 App. Civ. Cas., 426, 26 S. W. Rep., 414, 23 S. W. Rep., 384, 23 S. W. Rep., 817, 23 S. W.

Rep., 737; Galveston, H. & S. A. Ry. Co. v. Johnson, 29 S. W. Rep., 428; Shirley v. Waco Tap R. R., 78 Texas, 144; Henrietta Nat. Bank v. Barrett, 25 S. W. Rep., 456; Galveston, H. & S. A. Ry. v. Johnson, 29 S. W. Rep., 428; Texas Water Co. v. Cleburne, 21 S. W. Rep., 393, 37 S. W. Rep., 17, 35 S. W. Rep., 744; Benavides v. Hunt, 79 Texas, 383, 15 S. W. Rep., 396; Glover v. Storrie, 43 S. W. Rep., 1035 (improvement certificate); all other actions barred. McCampbell v. Durst, 40 S. W. Rep., 315. See, also, 48 S. W. Rep., 39, 54 S. W. Rep., 1027; Millington v. The Texas & Pacific R. R., 2 App. Civ. Cas., 171; Cooley on Torts, pp. 105, 106, par. 2.

REESE, ASSOCIATE JUSTICE.—This suit was instituted by the Houston Saengerbund against Frank Dunn to recover damages alleged to have been done to the furniture of plaintiff situated in a house rented from defendant, occasioned by the rain leaking through holes in the roof, which defendant was bound by express stipulations in the lease contract to repair.

In the first count of the petition plaintiff sets up a verbal agreement between plaintiff and defendant to submit the matter of plaintiff's complaint to arbitration, and an award of the arbitrators in favor of plaintiff for $735.

In the second count plaintiff sets up the contract to repair, the breach, and consequent damages, which are alleged to be $1,500.

In the third count plaintiff alleged the lease of a part of the building, that plaintiff had no control over the roof, and that, as landlord, defendant was bound to keep the roof in repair, which had not been done. That by reason of such failure plaintiff had been damaged in the sum of $1,500 by the water leaking through holes in the roof upon the plaintiff's furniture in the leased premises.

It is alleged that, by written contract of leasehold December 22, 1898, plaintiff had leased from Thiel for five years from January 1, 1899, a portion of a brick building in the city of Houston, the portion so leased consisting of a store-room twenty-five by fifty feet, on the first floor, and the upper story of the building. That said lease contract contained, among other provisions, an express stipulation on the part of the lessors, "in the event of damage to the same (the leased premises) by fire or otherwise, the parties of the first part (the lessors) agree and bind themselves to make any and all necessary repairs."

That on August 1, 1899, the lessors conveyed the property, the building and ground, to defendant, who purchased subject to plaintiff's rights under the lease and became bound by the contract to repair.

The damage is alleged to have been occasioned by defendant's having permitted the roof to become damaged, defective and leaking, whereby from August, 1899, to and through January, 1900, large quantities of water had run in through the roof upon the plaintiff's furniture.

It is alleged that demand was made upon defendant for payment, and that in February, 1901, in order to amicably settle the matter, arbitrators were chosen by the respective parties, to whom the matters of difference were submitted, and by whom an award was made, as aforesaid, which amount plaintiff sought to recover.

Plaintiff further sought, in the event he failed to recover upon the award, to recover upon the original cause of action growing out of the contract to repair and breach thereof, and, failing this also, to recover upon the alleged obligation of defendant, as landlord, to keep the roof in repair, plaintiff being lessee of only a part of the building and having no control of the roof.

Defendant answered by general demurrer and certain special exceptions, not necessary to refer to specifically, general denial, and various special pleas, denying specifically and in detail that he made any agreement to submit the matter to arbitration, chose any arbitrators, agreed to be bound by the award—in short, that he had anything to do with the arbitration, either by himself or by any authorized agent. That if any such thing as arbitration was ever contemplated by the parties, it was clearly and distinctly understood that defendant in no way recognized or admitted his liability for the damages complained of, which was one of the matters to be determined by the contemplated arbitration. It is further alleged that, if plaintiff had sustained any damage, as alleged, it was occasioned by the unprecedented. storm of September, 1900, which was an act of God for which plaintiff was not responsible.

There was a trial by a jury, and verdict and judgment were for defendant. The case is before us on writ of error sued out by plaintiff, the Houston Saengerbund.

Plaintiff in error filed a motion for a new trial on April 9, within two days after the date of the judgment. On the first motion day thereafter, the court being engaged in other business, at the suggestion of counsel for defendant in error, the motion was passed, to be taken up at any time which might be agreeable to counsel for plaintiff in error. Thereafter, on the morning of Saturday, April 23, being motion day, counsel for plaintiff in error went to the court to ascertain whether the motion would be taken up. Finding that the motion docket would not be called before two o'clock p. m., it was then agreed by counsel for defendant in error that the motion might be heard on any day during the following week, when the court was at leisure. The motion was called up for disposition on the 29th, when counsel for defendant objected to the consideration of the same and filed a written motion to dismiss the motion without consideration, on the ground that it was then less than two days before the adjournment of the term, and the motion, under rule 71 for the District Court, could not be heard. The next day, April 30, was, in fact, the last day of the term by law. Counsel for plaintiff in error made answer, under oath, setting up the reasons why the motion for new trial had not been sooner called up, as herein stated, which in open court were admitted to be true. The court granted the motion of defendant in error, and dismissed the motion for new trial without hearing or consideration, to which action plaintiff in error took a bill of exceptions. This action of the court is assigned as error.

Rule 71 for the District Court is as follows: "Motions for new trial and in arrest of judgment shall be determined on motion day of each week of the term, unless postponed to the next motion day, or, for good cause shown, to a subsequent day, and not later than two entire days before the adjournment of the court, at which time all such motions previously filed shall be determined."

Evidently the court construed the latter part of this rule as mandatory, leaving the court no discretion in the matter, and for this reason, and not in the exercise of its discretion, dismissed the motion without a hearing on motion of defendant in error.    It is not shown that it would have inconvenienced the court or counsel for defendant in error to hear and determine the motion properly, and inasmuch as counsel for plaintiff in error had been led by the agreement of counsel for defendant in error to postpone the hearing until the date stated, and in view of the grave consequences to plaintiff in error from the action of the court in dismissing the motion without a hearing, we can not think that the court would have refused to exercise its discretion and hear the motion if it had been thought that it had such discretion.

The trial court was in error in construing the rule as mandatory, in the sense that it required a dismissal of the motion without a hearing. It was certainly within the descretion of the court to hear and determine the motion for a new trial under the circumstances, and it should have been done.    (Wells v. Mellville, 25 Texas, 337.)

The assignment of error must be sustained, and it follows that the only course to be taken to relieve plaintiff in error of the consequences of the error will be to consider the motion for new trial as having been heard and overruled, thus giving him the right to have his appeal heard upon the facts.

After charging the jury as to the right of plaintiff in error to recover upon the award of the arbitrators, the court instructed them, as to the right to recover upon the breach of the contract to repair, independently of the award, that "all the proof shows that the damages claimed were caused by rain and defective building through the year 1899 and January, 1900, and the plaintiff in this case having, for the first time, set up such matters on the 15th of October, 1902, the same are barred by the statute of limitation of two years, and you will find for the defendant."

We think this was error.    This count of the petition was for damages occasioned by the failure of the defendant in error to repair according to the terms and provisions of the written contract of lease executed by his vendors, and binding upon him, being a covenant running with the land.    It came within the meaning of the statute prescribing four years as a term of limitation of actions for debt where the indebtedness "is evidenced by or founded upon any contract in writing," as construed by the Supreme Court of this State in Robinson v. Varnell (16 Texas, 388; Schurenberg v. Wilhelm, 23 S. W. Rep., 817; Wood Machine Co. v. Hancock, 23 S. W. Rep., 385.)

It was alleged in the petition that the agreement to submit to arbitration was entered into by defendant in error, by himself or his agents and representatives, and the evidence submitted by plaintiff in error tended to show that he was represented in the matter by Alex Bartlinck, as his agent.    Defendant in error denied, by his answer and his testimony, that he ever authorized anyone to represent him.    The charge of the court was susceptible of the construction that, in order to find for plaintiff in error on the award, the jury must believe that defendant in error himself agreed to the submission to arbitration. Under this view the court should have instructed the jury, as requested by plaintiff in error, upon this issue, that defendant in error would be

bound by the award if he, either by himself or his agent, agreed to the submission. (Prather v. Wilkens, 68 Texas, 190.)

The charge of the court instructs the jury to find for the plaintiff in error upon the award only in the event that they find that the questions, both of law and of fact, were submitted to the arbitrators. It was entirely competent for the parties to submit the matters in dispute between them to arbitration, without any special reference to questions of law. The inference from the defendant Dunn's testimony is that, if there was any submission, the arbitrators were to determine the question of his liability as a matter of law, as well as the amount of damages, while the evidence for the plaintiff in error is to the effect that no question was raised as to the liability of defendant in error before the arbitrators or in the agreement to submit.

It was not necessary that plaintiff should have had a legal cause of action against defendant to authorize a submission and award, and to bind defendant by the award. A difference of opinion between the parties upon the whole case, including the defendant's legal liability as well as the amount of damages, might have been submitted to, and determined by, the arbitrators, and the jury should have been so instructed, as requested by plaintiff in error.

The instruction on this point requested, however, goes too far, as it bases the right to recover solely upon the submission and subsequent award, regardless of the fact that defendant in error may have withdrawn from the agreement before the award was pronounced, as to which there was some evidence.

Plaintiff in error would not have been entitled to recover upon the third count in his petition, based upon the implied obligation of the landlord to repair the roof, plaintiff in error having no control thereof, for the reason that such cause of action was barred by the statute of limitation of two years.

For the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*