P. A. DOWLEN v. C. W. GEORGE MFG. CO. ET AL.

Decided February 7, 1910.

1.—Limitation—Contract to Account.

Where an agent appointed to collect the rentals on certain property and pay over the same to a third party, accepts the appointment and agrees in writing to pay over the rentals in accordance with the terms of an assignment, in a suit by the assignee against the agent for rents collected but not paid over, the four years and not the two years statute of limitation would apply.

2.—Assignment of Rents—Repair of Property.

An agent appointed to collect the rents from certain property and pay over the same to a third party would have no right, without the consent of the assignee, to apply the rents to repairs on the property.

Appeal from the County Court of Jefferson County. Tried below before Hon. Jas. A. Harrison.

*Watts & Wheat,* for appellant.—The court erred in rendering judgment against this defendant because the undisputed evidence shows that plaintiff's cause of action, if any it ever had against him, accrued more than two years next before this suit was commenced, and was therefore barred by the statute of limitation. Revised Statutes, art. 3354; Turner v. Smith, 11 Texas, 629; Wingate v. Wingate, 11 Texas, 430; 25 Cyc., 1152, and authorities cited.

*Crook, Lord & Lawhon,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is an appeal from the County Court from a judgment against appellant and in favor of appellee.

The suit is based upon certain instruments. First, an assignment by one Jordan, who was indebted to appellee, of the rents to accrue upon certain property owned by Jordan in Beaumont, the rents to be collected by appellant and by him paid over to appellee's agent; second, an acceptance in writing by appellant of the trust and an agreement to comply with the terms of the assignment; third, a power of attorney from Jordan to appellant authorizing him to collect the rents. Two questions are presented by the appeal.

Appellant is in error in his contention that the statute of limitation of two years applies to this action by appellee against him to recover rents collected by him under the assignment and agreement and not paid over to appellee. The action is based upon appellant's contract in writing as above set out, and is not an action for money had and received only, as contended by him.

The written power of attorney only authorized appellant to collect the rents. These rents had been assigned to, and thereby became the property of, appellee. Thereafter appellant had no right to apply them to the payment for repairs on the building, or to any other purpose, without the consent of appellee or its agent, and it was no defense to appellee's claim that he had so applied them. The issue as to whether Crook, appellee's agent, expressly or impliedly consented

to such application was conflicting, and the finding upon this issue in favor of appellee will not be disturbed.

We have examined the various assignments of error. They present no ground for reversal and the judgment is affirmed.

*Affirmed.*