STEPHENVILLE, NORTH & SOUTH TEXAS RAILWAY COMPANY v. WESTERN COAL & MINING COMPANY.

Decided April 6, 1910.

**1.—Pleading—Action on Account.**

A petition merely alleging that "From Aug. 13, 1907, to March 18, 1908, and including different dates, plaintiff shipped, as per order of defendant, coal,—that the amount now due and past due by the defendant is $272.53," was so radically defective that a judgment in favor of plaintiff presented fundamental error.

**2.—Same—Verified Account.**

The allegations of the petition were not aided by a verified account of goods sold, though attached to the petition, where such account was not made a part thereof nor referred to therein.

**3.—Evidence—Verified Account.**

The effect of a verified account as proof of plaintiff's claim is neutralized where its justness is wholly denied by defendant under oath. The account

then becomes inadmissible as evidence, and furnishes no proof of value or contract price.

Appeal from the County Court of Hamilton County. Tried below before Hon. J. W. Warren.

*Marshall Ferguson,* for appellant.

*B. N. Carter,* for appellee.

KEY, CHIEF JUSTICE.—From a judgment in favor of the plaintiff in the County Court the defendant has appealed. The alleged cause of action set up in the plaintiff's petition is stated therein as follows: "And for cause of action plaintiff would represent to the court that heretofore, to wit, from Aug. 13, 1907, to March 18, 1908, and including different dates, plaintiff shipped, as per order of defendant, coal—that the amount now due and past due by the defendant is two hundred and seventy-two and 53/100 dollars ($272.53), which amount is the principal and accumulated interest from August 13, 1907, to December 1st, 1908. . . . Plaintiff would further show to the court that the defendant company, though often requested, has failed and refused to pay the amount as is hereinbefore specified, or any part thereof."

In the transcript, and following immediately after the petition, is a verified account showing an aggregate amount of $272.53. If it be assumed that the account was attached to the plaintiff's petition, still there is no averment in the petition making the account a part thereof, and, in fact, the petition makes no reference whatever to the account. Therefore, while the question is not presented by appellant, we feel compelled to hold, as matter of fundamental error, that the petition is so radically defective that it will not support the judgment.

We also sustain the first assignment of error, which complains of the action of the trial court in permitting the plaintiff to introduce in evidence the verified account. It is provided by statute that, when an action or defense is founded upon an open account supported by the affidavit of the party, his agent or attorney, to the effect that such account is, within his knowledge, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial, file a written denial under oath, stating that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust. In this case, while the account was verified by the plaintiff, the petition did not refer to and base the plaintiff's cause of action upon the verified account, and the defendant filed an affidavit denying its justness. The latter affidavit had the effect of neutralizing the affidavit made by the plaintiff, and therefore the account stood just as if it had not been verified. Such being the case, it was not admissible in evidence in the absence of other testimony showing it to be correct.

We also agree with appellant's contention that, aside from the ac-

count itself, there was no proof of the value of the coal alleged to have been shipped, nor was there any proof of a contract price.

On account of the errors referred to the judgment is reversed and the cause remanded.

*Reversed and remanded.*