## SMITH v. NESBITT et al.    (No. 8437.)

(Court of Civil Appeals of Texas. Fort Worth. July 1, 1916. Appellant's Motion for Rehearing Granted June 18, 1921. Appellees' Motion for Rehearing Denied Oct. 22, 1921.)

1. Money paid ⊜➾1—Vendor making payment assumed by vendee could recover.

Under a clause in a deed whereby grantees assumed the obligation of original purchaser to the state, vendor could recover from grantees where he paid such indebtedness to the state to prevent forfeiture of the land, and to protect the security of his lien notes, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5423, 5435.

2. Limitation of actions ⊜➾24(2)—Four-year statute held to apply in action to recover money paid under assumption of indebtedness clause.

The four-year statute of limitations (Vernon's Sayles' Ann. Civ. St. 1914, art. 5688, subd. 1) held to apply to an action by vendor

---

⊜➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against vendees to recover money paid to the state to prevent a forfeiture of the land, where the deed provided that grantees assumed the obligation of the original purchaser of such land to the state.

**3. Courts ⚖121(6)—Jurisdiction not lost because amount sued for is reduced in response to special pleas.**

Jurisdiction over the sum or value of the matter in controversy is determined by the amount of the demand sued for and well pleaded, and jurisdiction will not be lost by the reduction of such amount to a sum below the jurisdiction, made by the court in response to special pleas or exceptions setting up statute of limitations as to certain items, in the absence of plea and proof that fraudulent allegations are made to confer jurisdiction.

**4. Limitation of actions ⚖180(1, 6), 182(5) —Defense of limitations raised by special exceptions or waived by failure to interpose.**

While the defense of limitations may be raised by special exceptions, yet such defense may be waived by a failure to interpose the same in the form of a demurrer or a plea.

**5. Appeal and error ⚖766—Apparent error considered.**

Assignments presenting error apparent on the face of the record may be considered, though not briefed according to the rules.

On Appellant's Motion for Rehearing.

**6. Appeal and error ⚖1175(7)—Judgment rendered which trial court should have rendered.**

Where case was submitted to trial court on an agreed statement of facts, and that court erroneously dismissed the action on a question of jurisdiction, held, that the appellate court should, on reversal, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1949, render the judgment which the trial court should have rendered.

On Appellees' Motion for Rehearing.

**7. Judgment ⚖949(1)—Party pleading res judicata must allege essential elements.**

A party pleading res judicata must show by distinct allegations material and essential facts necessary to constitute a proceeding res judicata, including identity in the thing sued for, identity of the cause of action, identity of the persons and of parties to the action, and identity of the quality in the persons for or against whom the claim is made.

**8. Pleading ⚖434—Plea of res judicata, though not demurred to, held insufficient to sustain judgment.**

A plea of res adjudicata, "Defendants show that said item of $73.31, and said other items, having been paid prior to suit and judgment in the case of S. v. N., and said items not having been pleaded or attempted to be recovered in said suit when the same might have been litigated therein, that said case and judgment therein is res adjudicata of any suit recovered thereon, and of that item in so far as set up in this suit," held insufficient to sustain a judgment, though not demurred to.

**9. Appeal and error ⚖194(1)—Defective pleading may be regarded as fundamental error.**

A defective pleading which does not state a cause of action or a legal defense may be regarded as fundamental error in the appellate court.

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by J. B. Smith against G. G. Nesbitt and others. Judgment for defendants, and plaintiff appealed. Questions were certified to the Supreme Court (230 S. W. 976). Judgment of trial court reversed and rendered in conformity to answers of Supreme Court.

Hunter & Hunter, of Fort Worth, for appellant.

B. K. Goree, of Fort Worth, for appellees.

BUCK, J. In 1910, appellant conveyed to appellees certain school land, the consideration being paid part in cash and part evidenced by four vendor's lien notes. At the time of the conveyance there was due the state by appellant on the land about $1.87 an acre, interest thereon at 3 per cent. being payable annually. The deed contained the following clause:

"And the said A. L. Camp and G. G. Nesbitt do hereby assume the obligation of the original purchaser of said land to the state of Texas. But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises and improvements until the above described notes are fully paid" (meaning the four vendor's lien notes above mentioned).

No lien was retained in the deed to secure appellant in the payment of his obligation given to the state, nor did the appellees file their deed from him in the general land office and substitute their obligation to pay for the land in the place of appellant's obligation. Appellees failed to pay the interest due the state, and also to pay the vendor's lien notes aforementioned, and brought suit against appellant to cancel the deed. This suit was pending for several years, but finally was decided in favor of appellant, who recovered the balance of the purchase money due. In the interim, to avoid forfeiture by the state of the lands for nonpayment of interest, and because of the refusal and failure of the appellees to pay the interest due the state, appellant paid the interest on the indebtedness due the state for the years 1911, $73.31, 1912, $72.62, and 1913, $72.55. The appellees failed and refused to reimburse appellant for this amount, whereupon, on August 13, 1915, appellant filed this suit in the county court of Tarrant county for civil cases.

Defendants specially excepted to the items for the 1911 and 1912 interest, and against

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

these items interposed the two-year statute of limitation. The court sustained the exception, and, as the balance claimed was under the jurisdiction of the county court, dismissed plaintiff's suit, from which judgment plaintiff appeals.

Thus there are two questions presented for our determination, to wit: (1) Did the court err in holding that the two-year statute of limitation, rather than the four-year, applied? (2) If not, did the court err in sustaining appellees' motion to dismiss for want of jurisdiction?

We think the four-year statute of limitation applies in this character of suit. By the acceptance of the deed containing the assumption of the obligation due by the vendor to the state, the vendees promised in writing to pay such obligation, including the interest. 27 Cyc. 834:

"Although no assumpsit will be raised by the mere voluntary payment of the debt of another, yet, if one person, in order to protect his own interests, pay a debt for which another is legally and personally liable, the law will imply an assumpsit on the part of the latter to the former. A request will be implied where the consideration consists in plaintiffs having been compelled to do that to which defendant was legally compellable."

"Where one, although himself under a legal liability, to make a payment pays a sum for which another is primarily liable, he may recover from the latter the amount so paid. Nor is it necessary that the payment should have been coerced by actual legal proceedings, the legal liability being of itself sufficient to take it out of the class of voluntary payments." Id. 835C."

[1, 2] See, also, City of Stamford v. Lincoln County (Ky.) 61 S. W. 463; Grand Island Mercantile Co. v. McMeans, 60 Neb. 373, 83 N. W. 172; Beard v. Horton, 86 Ala. 202, 5 South. 207; Vernon's Sayles' Texas Civil Statutes, arts. 5423 and 5435. The above authorities sustain plaintiff's right to sue defendants on their assumption in the deed.

Article 5688, subd. 1, Vernon's Sayles' Texas Civil Statutes, provides that the four-year statute of limitation shall apply in "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." This section of the article formerly read, "all actions of debt grounded upon any contract in writing" (2 Gammell's Laws of Texas, p. 627), and remained in this form until 1879, when it was amended so as to read as in its present wording. In Elder, Dempster & Co. v. St. L. S. Ry. Co., 105 Tex. 628, 154 S. W. 975, it was held that a bill of lading signed by a carrier for through transportation over its own and connecting lines of railway, and showing the terms and conditions of the carriers' undertaking, is a written contract with the shipper, both by the carrier executing it and by the connecting one receiving and transporting it under

such agreement; and that action on such contract was not barred in two years. See Williamson & Co. v. T. & P. Ry. Co., 106 Tex. 294, 166 S. W. 692; Freeman v. Walker, 175 S. W. 1133; Dowlen v. George Mfg. Co., 59 Tex. Civ. App. 124, 125 S. W. 931; Vogel v. Zuercher, 135 S. W. 737; Fidelity Co. v. Callahan, 104 S. W. 1073; Lane v. Delta County, 109 S. W. 866; West v. El Campo Land Co., 32 S. W. 424, 426; Laredo Elec. Co. v. U. S. Elec. Co., 26 S. W. 310; Houston Saengerbund v. Dunn, 41 Tex. Civ. App. 376, 92 S. W. 429; F. Groos & Co. v. Brewster, 34 Tex. Civ. App. 140, 78 S. W. 359. In Vogel v. Zuercher, supra, it was held that a written lease is a written obligation, and, when passing to a third person by a conveyance of the land by the lessor, an action by the grantee for rents subsequently accruing is on the written obligation, and is not barred in two years. In Fidelity Co. v. Callahan, supra, it was held that an indebtedness for a premium upon a written policy of insurance issued upon a written application was founded upon a written contract, although no promise was expressed in the policy or application. West v. El Campo Land Co., supra, held that, plaintiffs having been induced by defendant to believe that everything due the state on certain school lands, purchased by plaintiffs from defendant, had been paid, they were entitled to receive of defendant such amount as plaintiffs were forced to pay to the state, and that, inasmuch as the written contract of sale, preceding the deed, provided that any amount due the state should be deducted from the purchase price, the action was not barred in two years.

We think, under the above authorities, and many others that might be cited, that the four-year statute of limitation would apply to the cause of action pleaded, and that the court erred in sustaining defendant's exception to so much of the petition as pleaded the items of indebtedness accruing more than two years, but within four years, prior to the suit. Hence appellant's first assignment is sustained.

[3, 4] As the judgment must be reversed because of the error indicated above, the second question presented becomes immaterial, so far as the disposition of the case is concerned, but we are of the opinion that the court erred in dismissing the suit, on the ground of want of jurisdiction. Jurisdiction over the sum or value of the matter in controversy is determined by the amount of the demand sued for, the same being well pleaded, and, if the amount claimed in the petition is within the jurisdiction of the court on the face of the petition, jurisdiction will not be lost by the reduction of said amount to a sum below the jurisdiction, such reduction being made by the court in response to special pleas or exceptions which go rather to the remedy than the right of action, and

in the absence of plea and proof that fraudulent allegations were made to confer jurisdiction. Watson v. Baker, 67 Tex. 48, 2 S. W. 375. While, under the practice in this state, the defense of limitation may be raised by special exception (McClenney v. McClenney, 3 Tex. 192, 49 Am. Dec. 738; Swenson v. Walker, 3 Tex. 93; Dwight v. Matthews, 60 S. W. 805; Campbell v. Houchin, 35 S. W. 753; McKinney v. Roberts, 29 S. W. 407), yet such defense may be waived by a failure to interpose the same in the form of a demurrer or a plea. 25 Cyc. 1401C, and Texas cases cited thereunder. In Petty v. Cleveland, 2 Tex. 404, it is said:

"To have made the bar, interposed by the statute [of limitation in the present case], a defense in the present instance, it ought certainly to have been made by plea or exception a defense in the court below."

See, also, Gathright v. Wheat, 70 Tex. 746, 9 S. W. 76, and other cases cited in 11 Encyc. Digest Texas Reports, p. 1356, 1357. Hence, in the absence of the interposition by defendant of the defense of limitation against the two items covering the interest paid in 1911 and 1912, plaintiff stated a cause of action, and the court did not lose jurisdiction, even though, by reason of defendant's exception having been sustained, the amount remaining in controversy was under $200. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Hoffman v. B. & L. Association, 85 Tex. 409, 22 S. W. 154. A different rule applies where the petition fails to allege facts showing the right to recover as to certain items, and the items claimed for which a cause of action is pleaded are below the jurisdiction of the trial court. In such an instance the court should dismiss the suit for want of jurisdiction. W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8. Therefore we conclude that appellant's second assignment, urging error in the action of the court in dismissing the suit for want of jurisdiction, should be sustained.

[5] Appellees object to the consideration of appellant's assignments, because, it is urged, they are not briefed according to the rules. While we are inclined to think that the criticism directed against the form of the presentation is well founded, yet, inasmuch as the assignments present error apparent on the face of the record, we have concluded that it is our duty to consider them. Connor v. City of Paris, 87 Tex. 32, 27 S. W. 88.

For the reasons indicated, the judgment of the trial court is reversed, and the cause remanded.

## On Appellant's Motion for Rehearing.

[6] On July 1, 1916, judgment in this case was reversed, and the cause remanded. Appellees filed a motion for rehearing and to certify, and on October 28, 1916, we certified the questions as to whether we were correct in holding that the four-year statute of limitation applied instead of the two-year statute of limitation, and whether the trial court erred in dismissing the suit after he had sustained the two-year statute of limitation interposed by defendants; the amount in the suit thereby being reduced below the jurisdiction of the county court. On May 4, 1921, the Supreme Court answered the first question, to the effect that the four-year statute of limitation applied. Appellant has filed a motion for rehearing, urging, as this case was submitted to the trial court on an agreed statement of facts, which showed that items of interest to the state, which plaintiff sued to recover, had been paid by him in order to protect his vendor's lien, and as the four-year statute of limitation applies, these payments were recoverable against the defendants. Appellant urges that, under this record, it is our duty, under article 1949, V. S. Tex. Civ. Statutes, to render the judgment which the trial court should have rendered. We believe that this contention is sound. Therefore we overrule appellees' motion for rehearing, and grant appellant's motion for rehearing, and set aside the former judgment, in which we reversed the judgment below and remanded the cause, and here reverse the judgment below, and render judgment for appellant for the sums sued for, with interest at 6 per cent. from the date of payment of each.

## On Appellees' Motion for Rehearing.

We do not think appellees' plea of res judicata was sufficient. The plea is as follows:

"Defendants show that said item of $73.31, and said other items, having been paid prior to suit and judgment in case of Smith v. Nesbitt et al., and said items not having been pleaded or attempted to be recovered in said suit when the same might have been litigated therein, that said case and judgment therein is res adjudicata of any suit to recover thereon, and of that item in so far as set up in this suit."

[7] A party pleading res judicata must show, by distinct allegations, material and essential facts necessary to constitute a proceeding res judicata. Philipowski v. Spencer, 63 Tex. 604. The concurrence of the following conditions are generally regarded as essential, to wit: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. 2 Bouv. Law Dictionary, p. 2910; Philipowski v. Spencer, 63 Tex. 604.

[8, 9] Though plaintiff did not even demur to defendants' answer, in which they pleaded res judicata, yet we think the plea as presented is wanting in the essential elements of the plea, and is insufficient to sustain a judgment, even though supported by evidence. A defective pleading, which does not state a

cause of action or a legal defense, may be regarded as fundamental error in the appellate court. Rivers v. Campbell, 51 Tex. Civ. App. 103, 111 S. W. 190, writ of error denied 103 Tex. 670, 111 S. W. 190, no opinion; Railway Co. v. Coal & Mining Co., 60 Tex. Civ. App. 248, 127 S. W. 245; Brownsville v. Tumlinson, 179 S. W. 1107; T. & P. Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871; 34 S. W. 919. It does not appear that the trial court sustained defendant's plea of res judicata, but did sustain their plea of two years limitation to two of the items sought to be recovered, and dismissed the suit because the remaining item was below the court's jurisdiction.

It is probably true that the evidence does not sustain a judgment upon defendant's plea of res judicata, but, inasmuch as we have decided that the plea was essentially insufficient, it will not be necessary for us to discuss the character of the testimony to support said plea.

The motion for rehearing is overruled.