## G. G. NESBITT ET AL. v. F. H. CONNER ET AL.

### No. 3631. Decided May 14, 1924.

#### (261 S. W., 1002.)

**1.—Mandamus—Conflict of Decisions.**

The conflict with decisions of other courts which will support a writ of mandamus requiring a Court of Civil Appeals to certify the question to the Supreme Court must be on the point on which the decision was based (here sufficiency of pleading). If not in conflict on this point there is no jurisdiction to grant the writ, though the ruling were erroneous. (Pp. 33, 34).

**2.—Same—Case Stated.**

The vendor of land purchased from the State and only partly paid for, having sold, partly on time, to one assuming also the unpaid obligation for deferred payments to the State, foreclosed his vendor's lien for unpaid purchase money and bought the land on sale. Subsequently he sued the vendee to recover certain of the payments to the State which the vendee had assumed but which he, the vendor, had, on the vendee's default, been compelled to make before bringing his suit for foreclosure, in order to protect his lien. The vendee pleaded that these payments should have been included in the former action. The defense was disallowed on the ground that the attempted plea of res adjudicata was insufficient, without determining whether the facts, if properly pleaded, would have constituted a defense. Such ruling presented no conflict with decisions of other courts that these facts, properly pleaded, would have established the defense of res adjudicata. (Pp. 33, 34).

#### ON MOTION FOR REHEARING.

**3.—Pleading—Mandamus—Amendment.**

Request for leave to file an amended petition to the Supreme Court for writ of mandamus comes too late when applied for in connection with a motion for rehearing after the writ has been refused. (P. 34).

Nesbitt and A. L. Camp filed petition to the Supreme Court for writ of mandamus to require the Court of Civil Appeals for the Second District to certify certain questions of law determined in the case of Smith v. Nesbitt (230 S. W., 976) on the ground of conflict in decisions.

The Supreme Court having referred the questions certified to the Commission of Appeals, Section A for its opinion thereon here adopts same and refuses the writ as therein recommended.

*Goree, Odell & Allen,* for relator, cited, as presenting a conflict with the rulings herein on res adjudicata: Ward v. Green, 88 Texas, 177; Mallory v. Dawson Cotton Oil Co., 74 S. W., 953; T. & P. Ry. Co., v. Scoggin & Brown, 95 S. W., 651; Craig v. Broocks, 127 S. W.,

572; Dixon v. Watson, 115 S. W., 100; Peacock v. Coltrane, 116 S. W., 389; Stone v. Tilley, 101 S. W., 201; Cameron v. Hinton, 49 S. W., 1047.

On motion for rehearing and for leave to file amended petition they cited as conflicting with the ruling of the appellate court: Mallory v. Dawson Cot. Oil Co., 74 S. W., 953; Hanrick v. Gurley, 93 Texas, 458; Arlington Heights Realty Co. v. Citizens Ry. & Lt. Co., 160 S. W., 1109; Chappell v. McIntyre, 9 Texas, 161; Parker v. Portis, 14 Texas, 166; Scott v. Slaughter, 97 Texas, 244; Thaison v. Sanchez, 35 S. W., 478; Harde v. Germania L. Ins. Co., 153 S. W., 666.

*Sam J. Hunter,* for respondent. The plea of res judicata to be good must show by distinct allegations, material and essential facts necessary to constitute a proceeding res judicata; Philipowski v. Spencer, 63 Texas, 604. The concurrence of the following conditions are generally regarded as essential, towit: (a) Identity in the thing sued for. (b) Identity of the cause of action. (c) Identity of the persons and of the parties to the action. (d) Identity of the quality in the persons for and against whom the claim is made. 2 Bouv. Law Dictionary, Page 2910; Philipowski v. Spencer, 63 Texas, 604.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

Relators, G. G. Nesbitt and A. L. Camp, filed petition for mandamus in the Supreme Court January 11, 1922, to require the Honorable Court of Civil Appeals for the Second Supreme Judicial District to certify certain questions of law to the Supreme Court in the case of Smith v. Nesbitt et al. A full statement of all questions involved will be found in the reported case, 235 S. W. 1104-1108. There were two main questions disposed of on appeal: One of limitations and the other of res adjudicata. At the time petition for mandamus was filed counsel for relators were under the impression that no opinion had been written on their motion for rehearing in the Court of Civil Appeals, and it is so alleged in the petition. On the assumption that the Court of Civil Appeals had considered their plea of res adjudicata on its merits and had decided the questions relating thereto contrary to their contentions, without written opinion, they set out in their petition allegations of a conflict between the decision of the court in this case on the questions of res adjudicata and the decisions of other Courts of Civil Appeals in numerous cases. However, the Court of Civil Appeals did prepare and file written opinion on relators' motion for rehearing (235 S. W. 1107-1108), in which it is held that the plea was insufficient, and same was not considered on its merits. The petition for mandamus does not allege

114 Tex. Sup.—3.

that this opinion is in conflict with any other decision. This being true, there are no grounds alleged or shown in the petition which would authorize a mandamus. However erroneous the judgment of the Court of Civil Appeals on the question of the sufficiency of the plea might have been, unless there was a conflict with some other decision in this particular, it would furnish no reason for requiring the question to be certified.

We recommend that the petition for mandamus be denied.

### ON MOTION FOR REHEARING.

In this case relators have filed motion for rehearing and motion for leave to file amended petition. This amended petition sets up, in effect, a new cause of action. It appears that the opinion of the Court of Civil Appeals was rendered in this case June 18, 1921, and motion for rehearing was overruled October 22, 1921. The original petition for mandamus as pointed out in our opinion failed to state a cause of action. Even if the amendment set up a good cause of action, we think it comes entirely too late and should not be allowed. The motion for rehearing on the original petition is merely formal.

It is our recommendation that leave to file the amended petition be denied, and that the motion for rehearing be overruled.

The Supreme Court refused the writ of mandamus in accordance with the recommendation of the Commission.