A. S. FARENHOLT v. STEPHEN S. PERRY.

In this case there was no element of fraud, but the question was purely one of mutual mistake as to the quantity of land sold, and the court said that the question for decision was the same as that decided in O'Connell v. Duke, (*ante*, p. 299,) and it was *held* that equity would relieve.

APPEAL from Burleson.    The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

This suit was brought by the appellee against the appellant, upon the following case:

On the 2d of January, 1858, Perry sold to Farenholt a tract of land in Burleson county, and gave therefor his bond for title.    The bond for title recites that Perry had sold to Farenholt a certain tract of land, containing five hundred and eighty-eight acres, known as tract No. 13 on Thompson's map, for the sum of $10 per acre, or $5,880, for which Farenholt has drawn his draft at ninety days for $3,013, and given his promissory note for $2,940, due on the 2d of January, 1859, with interest from date, and stipulates for a deed upon the payment of the draft and note at maturity. On the 9th of February, 1859, Perry executed his deed for the land, describing it by metes and bounds, and as containing five hundred and eighty-eight acres, and acknowledging the receipt of the consideration, $5,880.    It is admitted that, so far as shown by the conversations of the

parties, it was their intention that Farenholt should pay at the rate of $10 per acre for the true number of acres contained within the specific boundaries; that a mistake in calculation had been made by Thompson, who surveyed the land for Perry, and that the tract contained $85\frac{8}{10}$ acres more than was estimated. It does not appear when the mistake was discovered. Suit was brought on the 24th of October, 1859. Upon this case agreed the court gave judgment for the plaintiff for the value of this excess, from which this appeal is prosecuted.

*Sayles & Bassetts*, for appellant, relied upon Dalton v. Rust, 22 Tex., 133; Hatch v. Garza, 22 Tex., 176; 1 Story's Eq. Jur.. § 146, 155; Lawrence v. Simonton, 13 Tex., 223; Sug. on Vendors, 319; Lawrence v. Simonton, 13 Tex., 223; Sug. on Vendors, 319.

No brief for the appellee has been furnished to the *Reporter*.

COKE, J.—The question for revision in this case is the same as that presented and decided at this term in O'Connell v. Duke, [*ante*, 299.] On the authority of that case the judgment in this is correct, and is therefore.

AFFIRMED.