JAMES LADD ET ALS. v. H. CLAY PLEASANTS.

1. Where the purchaser of land at administrator's sale has received a deed for "two hundred acres of land, more or less," which was bid for at the sale by the acre, and both were ignorant that the deed conveyed a quantity of land largely in excess of that paid for and called for by number of acres, equity will not permit the purchaser to hold the excess until he has paid for it, either at the rate bid, or a fair value.

2. Though equity will not relieve against a slight mistake regarding the quantity of land conveyed by deed, though both parties may have been igno-rant of the true quantity, yet relief will be afforded when the deed con-veys nearly three times as much land as the parties supposed at the date of the deed had been purchased,

APPEAL from De Witt.   Tried below before the Hon. Henry Maney.

This suit was brought by H. C. Pleasants, adminis-trator of the estate of John York, deceased, to quiet the title to three hundred and eighty acres of land.   Pleas-ants, under an order of the County Court of De Witt county, sold, in 1869, to James Ladd, a tract of land as the property of the estate, believed at the time of sale to

contain about two hundred acres. The land was bid for at public auction by the acre, and so paid for. Two hundred acres only were paid for. It was discovered after the execution of the deed that the tract really contained five hundred and eighty acres. It was described in the order of sale, in the order of confirmation, and in the deed to Ladd, as "containing two hundred acres, more or less." It appears that the administrator, at the time of executing the deed, believed that the tract contained but two hundred acres. Ladd inquired of him when the deed was made whether he could hold the land under his deed if there should be more than two hundred acres, and was told that if the excess was large it would not be conveyed, but would remain the property of York's estate. Newsom was interested in the purchase made by Ladd, and Andrews paid for that portion of the land claimed by him after he knew that the administrator asserted claim to the excess over two hundred acres.

Verdict for Pleasants, administrator, and judgment in his favor for all the land exceeding two hundred acres which was conveyed by the deed.

*Phillips, Lackey & Stayton*, for appellants.

*H. C. Pleasants*, for appellee.

WALKER, J.—The mistake which is shown to have been made in the sale—made by the administrator of York's estate—is so gross that no court of equity could uphold it. The parties supposed the tract might contain no more than two hundred acres, whereas it is shown to have contained five hundred and eighty acres. The vendee purchased at a given price per acre. If he had wanted to hold this land equity would require him to have tendered the money at the price paid, or at least a fair value, for the remainder of the land.

Equity will not interfere to correct slight and immaterial mistakes in the quantity of land sold, where the parties, both vendor and vendee, are ignorant of the true quantity contained in the tract.

Some notice may be taken of the fact that the vendor in this case was the administrator of an estate, which courts of equity are peculiarly bound to protect from mistakes and frauds.

But had all the parties been acting in this case *sui juris*, equity would correct so ruinous a mistake, as where the vendee claims almost three times as much land as he actually purchased. (Smith v. Fry, 24 Texas, 349; O'Connel v. Duke, 29 Texas, 309; Story's Equity, Secs., 144*a*, 149.)

The judgment in this case is affirmed.

AFFIRMED.