Opinion by
Willson, J.
§ 1. Consideration; plea of partial failure of. Suit on a written contract for rent of land. Defendant pleaded that at the time of entering into the contract the plaintiff represented to him that there were thirty acres of the land that was tillable, and that he relied upon this representation; that said representation was false; that there were but twenty-one and one-half acres of’ tillable land; that the rent was rated at '$5 per acre, and he claimed an , abatement of the rent for eight and one-half acres at $5 per acre. Held, that this plea presented a good defense pro tanto, and that it was error to exclude evidence offered by defendant in support of it. • Plaintiff’s representations as to the quantity of the tillable land, if relied upon by defendant, and if false, were material, and operated as a fraud upon defendant and constituted legal fraud, although innocently made by the plaintiff. [Mitchell v. Zimmerman, 4 Tex. 80; Smith v. Ply, 24 Tex. 345; O’Connell v. Duke, 29 Tex. 299; Ladd v. Pleasants, 39 Tex. 415.]
§ 2o Fraud; mistake; parol evidence to prove. Parol evidence is always admissible to prove fraud or mistake in a written contract. [1 Green. Ev. § 284; W. & W. Con. Rep. § 8; Dunham v. Chatham, 21 Tex. 245; Weir v. McGee, 25 Tex. Sup. 31.]
*18 October 13, 1883.
§ 3= Caveat emptor; rule of, does not apply, when. When one party to a contract entered into it by reason of the false representations of the other party in regard to a material matter, and in regard to which the party making such representations had superior information,- the rule of caveat emptor does not apply.
Reversed and remanded.