## McCORD v. BAILEY.
### No. 2573.

Court of Civil Appeals of Texas. Eastland.
Feb. 14, 1947.

W. Marcus Weatherred, of Coleman, for appellant.

Dibrell, South & Snodgrass, of Coleman, for appellee.

GRISSOM, Chief Justice.

In April, 1946, Dr. R. Bailey filed this suit against J. P. McCord, executor of the estate of Martha T. Overall, deceased, to recover the amount paid for 53 acres of land, which was the shortage in the number of acres bought from said executor by Dr. Bailey and others in 1928, with interest thereon. Plaintiff alleged in substance that he and others purchased from said executor a tract of land that all of said parties believed consisted of 207½ acres, for $33.73 per acre; that the tract actually contained only 154½ acres; that the sale was by the acre; that after the probate of the will of Martha T. Overall and the appointment and qualification of McCord as executor,

McCord employed W. T. Knox of Coleman, a licensed surveyor, to survey on the ground and subdivide the Overall ranch into blocks; that Knox actually surveyed on the ground and subdivided the ranch into 72 blocks, which were marked on the ground, and filed a map of said subdivisions in the office of the County Clerk, on which he stated the number of acres in each block and on which he stated that block 3, sold to Dr. Bailey and others, contained 207½ acres; that Knox was a surveyor of long experience and good reputation in Coleman County for accuracy and reliability; that his work in surveying and subdividing the Overall ranch was relied upon by McCord and by Dr. Bailey and the other purchasers; that McCord obtained an order of the Probate Court authorizing him to sell block 3 to Dr. Bailey and others as containing 207½ acres of land; that pursuant to said order McCord, executor, in March, 1928, executed a deed to block 3 as containing 207½ acres of land; that the purchase price was partly paid in cash and the balance was evidenced by vendors lien notes; that in 1934 those who joined with Dr. Bailey in said purchase conveyed their interest to him; that the entire consideration was paid by Dr. Bailey; that Dr. Bailey sold and conveyed said tract as containing 207½ acres to F. W. Taylor and others; that the sellers and purchasers believed block 3 contained 207½ acres and relied on the Knox survey; that said tract was covered with mesquite timber; that after it was purchased by the Taylors they planned the eradication of the mesquite thereon under the AAA program; that the Agriculture Department made an aerial survey and learned that a shortage existed in block 3 and reported that fact to the Taylors in November, 1945; that thereafter the Taylors employed a surveyor to survey block 3, and he discovered a shortage of 53 acres therein and reported said fact to the Taylors on January 31, 1946; that Dr. Bailey paid the Taylors for the shortage of 53 acres and thereupon demanded reimbursement for the purchase price thereof and interest thereon from the executor; that the shortage of acreage was a mutual mistake; that the executor and the purchasers believed the tract contained 207½ acres and

relied upon the survey made by Knox; that there was no notice to the purchasers of the shortage until after said aerial survey had been made and the suspicion of the shortage confirmed by an actual survey on the ground by surveyor Leach, who was employed by the Taylors.

McCord answered in substance that the executor's deed could convey only the decedent's right, title, and interest in the land and, therefore, the estate was not liable for the shortage. He also pleaded limitation and laches. The executor further answered by general denial and a special answer setting up laches and stale demand, in which it was alleged that the administration had continued for 19 years; that the property of the estate had been sold; that the land had been conveyed to Dr. Bailey and others 18 years before the suit was filed; that the indebtedness against the estate had been paid and the administration should be closed and the residue of the estate delivered to the legatees.

Upon a trial to the court, judgment was rendered for Dr. Bailey for the price paid for the 53 acres he did not get, with interest. The executor has appealed. The court filed findings of fact, which were substantially the same as plaintiff's pleadings, heretofore mentioned. The court also filed conclusions of law to the effect (1) that the rule of caveat emptor does not apply to the facts of the case because plaintiff's claim is based on a mutual mistake of the grantor and grantees as to the number of acres included in the tract; (2) that plaintiff's claim is not barred by the four years statute of limitation and that the purchasers were not guilty of laches in failing to ascertain the shortage prior to the time it was discovered; (3) that plaintiff is entitled to recover for a shortage of 53 acres at the rate of $33.73 per acre, with 6% interest from the date of sale.

Appellant contends in effect that the executor's deed could convey only the right, title, and interest of the decedent in the land and that the estate was not liable for the shortage. Under the facts found by the court, which we find are sustained by the record, we are of the opinion that the estate was liable for the shortage.

"* * * the rule of caveat emptor applies only so far as it affects a purchaser with notice of everything that he might have ascertained by the use of ordinary diligence." 14 Tex.Jur. 271, Sec. 490.

"Although * * * the rule of caveat emptor applies to a purchase at a sale by an executor or administrator, there may have been such fraud practiced or mistake made as will entitle the purchaser to relief in equity." 14 Tex.Jur. 275, Sec. 493.

"The right of a purchaser to affirmative relief or to recover the purchase money where the sale is invalid has been questioned. But there is no doubt as to his right to equitable relief where fraud has been practiced upon him or where there has been a mistake." 14 Tex.Jur. 278, Sec. 496.

"Upon breach of a covenant of quantity by occurrence of a deficiency in the amount of land conveyed, the purchaser will be entitled to an abatement of the price, or to compensation if the price has been paid under mistake." 12 Tex.Jur. 70, Sec. 46.

In Medlin v. Wilkins, 60 Tex. 409, 417, the Supreme Court said, referring to Ward v. Williams, 45 Tex. 617:

"In the last named case it is in effect held that while, at law, the rule of caveat emptor governs a purchase at administrator's sale, in equity there may be such fraud or mistake as would entitle the purchaser to relief; but that the burden would be upon him to establish such fraud or mistake."

In Ladd v. Pleasants, 39 Tex. 415, an administrator sold about 600 acres of land, by the acre, and executed a deed that referred to the number of acres as "200 acres of land, more or less." Under a finding that both the administrator and the purchasers believed the tract contained approximately 200 acres of land, judgment was rendered for the administrator. The court held that equity did not permit the purchaser to hold the excess without paying for it. See also Seureau v. Frazer, Tex.Civ.App., 189 S.W. 1003, 1006; Altgelt v. Mernitz, 37 Tex.Civ.App. 397, 83 S.W. 891; O'Connell v. Duke, 29 Tex. 299, 300, 94 Am.Dec. 282; Farenholt v.

888

Perry, 29 Tex. 316; Bennett v. Latham, 18 Tex.Civ.App. 403, 45 S.W. 934, (Writ Ref.); Brown v. Yoakum, Tex.Civ.App., 170 S.W. 803, (Writ Ref.); Stark v. Homuth, Tex.Civ.App., 45 S.W. 761, 763; 26 C.J.S., Deeds, § 55, p. 270, 20 Tex.Law Rev. 446.

It is undisputed that both the executor and the grantees in his deed believed that the tract of land described in the deed contained 207½ acres and that the grantees paid for that number of acres, or in other words, that Dr. Bailey paid for 53 acres more than he received. It is undisputed that the surveyor Knox was a surveyor with a good reputation for integrity and ability in the county where the land was sold; that the parties relied on his survey; that the executor relied upon his survey and his statement of the number of acres in the many subdivisions of the Overall ranch made by said surveyor and sold by the executor. The executor testified that so far as he knew, no purchaser of any subdivision ever questioned Knox's survey. Knox's map of the Overall subdivisions was recorded in the deed records of Coleman County and showed that block 3 contained 207½ acres. The plat from which the sale was made also so recited. There is no evidence of any fact or circumstance that as a matter of law should have put the plaintiff or his co-purchasers on notice of the deficiency prior to the time the deficiency was discovered. Whether the purchasers were negligent in failing to sooner investigate and learn of the deficiency was a question of fact. The tract was in an irregular shape somewhat resembling a triangle and the public highway ran along the tract next to its longest side. Although the boundaries were marked by monuments on the ground, it was only partly fenced, was covered by mesquite trees and was entirely pasture land. None of the parties lived on the land. The difficulty was not in ascertaining the boundaries that were marked, but in ascertaining the number of acres in the peculiarly shaped tract. The evidence from all of the witnesses is that they did not discover nor suspect the de-

ficiency until after the Taylors purchased the land and the Agriculture Department made an aerial survey of the tract and reported the shortage, which was promptly confirmed by a survey on the ground by Leach. When this fact was reported to Dr. Bailey, he paid for the deficiency and promptly instituted this suit.

The finding of the court that Dr. Bailey and the other purchasers were not guilty of negligence in failing to sooner discover the deficiency is, we think, supported by the testimony. We overrule appellant's contention that plaintiff's cause of action accrued 18 years before the filing of the suit and was barred by limitation. Limitation did not begin to run against appellee's claim for the deficiency until the mistake was discovered or until it should have been discovered by the exercise of ordinary diligence. Under the situation disclosed by this record, limitation did not start running until there was some fact or circumstance which should have aroused the suspicion of the purchasers. Whether or not this occurred was a question of fact for the determination of the trial court in the absence of a jury. Ray v. Barrington, Tex.Civ.App., 297 S.W. 781, 786; Gillispie v. Gray, Tex.Civ.App., 214 S.W. 730; Gillespie v. Gray, Tex.Civ.App., 230 S.W. 1027, 1028; Vogt v. Smalley, Tex.Com.App., 210 S.W. 511; Smalley v. Vogt, Tex.Civ. App., 166 S.W. 1, 43 Tex.Jur. 610; 28 Tex.Jur. 166. We have carefully considered all of appellant's points. The court found that the executor still had in his possession undistributed funds "sufficient" to pay plaintiff's claims. The record shows that the executor has sold all of the property of the estate and has paid all of its debts and has funds on hand ready to pay the residuary legatees. If the finding that the executor has on hand "sufficient" funds to pay plaintiff should be erroneous, it would not require reversal of the judgment. We are of the opinion that all other findings of fact and the conclusions of the law find support in both the pleadings and the evidence. Said points are overruled. The judgment is affirmed.