**Donat P. VRAZEL, Appellant,**

**v.**

**Fred BIERI et al., Appellees.**

**No. 13005.**

Court of Civil Appeals of Texas.

Galveston.

Sept. 20, 1956.

Rehearing Denied Oct. 11, 1956.

..Butler, Binion, Rice & Cook and Robert O. Campbell, Houston, for appellees.

GANNON, Justice.

Appellant, Donat P. Vrazel, a cotton farmer, was plaintiff below. He appeals from an adverse judgment, rendered after jury verdict on special issues, in favor of appellees, Fred Bieri and Raymond W. Boynton, who were defendants below. Defendant Bieri is a rice farmer. Defendant Boynton is engaged in the aerial crop dusting and spraying business. Plaintiff's cotton farm is located in Brazoria County several miles from defendant Bieri's rice farm.

The chemical compound 2–4–D is a weed killer, or herbicide, which though harmless and benignant to growing rice is hurtful to and destructive of growing cotton or any broadleaf plant. It is a wide practice for 2–4–D to be mixed with liquid and sprayed on growing rice, often by the use of airplanes, sometimes by the use of other equipment.

Bieri employed Boynton to spray his rice field aerially with 2–4–D. Boynton assigned two of his airplanes to the work, which was done on July 10, 1953. It was found by the jury that Boynton and Bieri failed to confine the 2–4–D within the boundaries of Bieri's rice field and that it drifted over to and settled on Vrazel's cotton crop in hurtful quantities, partially destroying it. Under certain weather conditions and methods of application of the spray, such drifting, even for a distance of several miles, is not unforeseeable. Other findings together with a certain stipulation of the parties established plaintiff's damage at $3,864.

Plaintiff correctly, we think, brought his suit on the theory of negligence, alleging in detail and specifically in his original and amended pleadings some ten separate and distinct grounds of negligence, each and all of which plaintiff alleged severally and collectively proximately

Downman & Lott and Burch Downman, Houston, for appellant.

caused his damage. Plaintiff did not rely upon res ipsa loquitur in the trial court, nor does he urge that doctrine on us here.

In summary, the special issue verdict found as follows: (1) Plaintiff's cotton crop was damaged by 2–4–D on July 10, 1953; (2) The 2–4–D which caused the damage was that being used by defendant Boynton in spraying Bieri's rice field, which Boynton and Bieri, each and both, failed to keep confined within the boundaries of Bieri's rice field; (3) Such failure to confine the 2–4–D however was not negligence; (4) Plaintiff's damage was not the result of an unavoidable accident in the sense that term was defined to the jury by the court; i. e., as the occurrence of a *sudden* unexpected and unforeseen event not proximately caused by negligence of the parties; (5) During the course of the spraying plaintiff Vrazel notified Boynton's ground crew that damage was being done to Vrazel's cotton crop, after which Boynton's airplanes made additional trips to Bieri's rice field for the purpose of spraying, which was negligence but not a proximate cause of the damage to Vrazel's crop; (6) As the result of damage by the 2–4–D plaintiff lost 42 bales of cotton. This by agreement the parties valued at $3,864. (7) The loss by plaintiff of the 42 bales of cotton was not, as contended by defendants, caused in whole or in part by the spraying of 2–4–D by persons other than defendants; (8) In performing the spraying operation defendant Boynton was acting as an independent contractor.

None of the above findings is attacked by appellant as lacking support in the evidence or as being contrary to the weight of the evidence in the usual way in which such findings are questioned. However, appellant does argue in effect by his principal claim of error that the finding of absence of negligence in failing to confine the 2–4–D to Bieri's rice field was but a legal conclusion and opinion of the jury because the jury's findings that defend-

ants failed to confine the 2–4–D to Bieri's field were alone sufficient to establish negligence as a matter of law.

■ There is no assertion of conflict in the verdict based upon a claim of a mutually destructive effect on each other of the jury's findings that though plaintiff's damage was not proximately caused by any negligence on the part of the defendants, still it was not the result of an unavoidable accident. This position probably stems from the definition of the term "unavoidable accident" given the jury which includes the element of suddenness. Under other facts such a definition of unavoidable accident might be unobjectionable, but suddenness is not an element of unavoidable accident considered as an abstract legal universal concept, and the definition was not appropriate on the present record. The presence in the court's definition of unavoidable accident of the element of suddenness, though legally irrelevant, is sufficient to save the verdict from being in obvious conflict on its face; as is also the possibility that the evidence may have indicated some contributory neglect on plaintiff's part, which element was also included in the definition, though no such issue was separately submitted to the jury.

The third and most important of appellant's four points of error, which we consider first, is as follows: "The court erred in entering judgment for appellees on the verdict and refusing to enter judgment for appellant on the verdict."

As noted above, there is no effort by appellant to have the verdict set aside in whole or in part, nor is there any claim of conflict. To the contrary, appellant stands on the verdict, at least in what he claims to be its material aspects. He recognizes that the jury found it was not negligence for appellees to fail to keep the 2–4–D confined to the Bieri rice field, but contends that under Texas law the failure of appellees to confine the poison to Bieri's field, which the jury found caused the loss of plaintiff's cotton, establishes actionable

negligence, as a matter of law; and further that such finding automatically classifies the additional jury finding of want of negligence as a mere legal conclusion or opinion which is "of no legal effect or significance and [which] should be disregarded." It is appellant's claim that the jury findings "entitle appellant to judgment, regardless of the negative findings on the negligence issues"; or, as stated in the brief, in interrogative form, "otherwise put, is not the failure of appellees to confine the poison the existent negligence and proximate cause, regardless of the inability of the injured appellant to show how or why the failure occurred?"

■ Though appellant does not contend in terms that the English doctrine of absolute liability declared in Rylands v. Fletcher, L.R., 3 H.L. 330, obtains in Texas, it is inescapable, we think, that he is pressing that doctrine upon us, though perhaps ingeniously. That the doctrine does not obtain in our State was early established in Gulf, Colorado & Santa Fe Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293. The rule was later exhaustively examined and rejected by the Supreme Court in Turner v. Big Lake Oil Co., Tex., 96 S.W. 2d 221. Late Texas cases growing out of the use of explosives are in accord: Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App., 140 S.W.2d 491; Standard Paving Co. v. McClinton, Tex. Civ.App., 146 S.W.2d 466.

■ Under our law it is clearly required, in a case such as the present, before an injured suitor may recover, that he obtain fact findings of actionable negligence. In the absence of these, he is not entitled to judgment. A finding of injury is not enough. Here not only did appellant fail to obtain such findings but the findings returned by the jury negative negligence. Legally speaking, the verdict returned by the jury established that plaintiff was not entitled to judgment but that defendants were.

In support of his position under this point, appellant relies upon two authorities: Schultz v. Harless, Tex.Civ.App., 271 S.W. 2d 696; Dallas County Flood Control District v. Fowler, Tex.Civ.App., 280 S.W.2d 336.

The Schultz case was a 2–4–D case in which, upon properly submitted issues, the jury found actionable negligence upon the part of the defendant. So far as is material here, the opinion merely holds that evidence of the escape of the 2–4–D from defendant's land was sufficient to support the jury findings. Whether in that case plaintiff relied upon res ipsa is not revealed by the opinion, nor does the opinion detail the evidence at length. We do not consider the case in point.

The Fowler case was also a 2–4–D case, but the opinion rules only on venue questions. It appears to be concerned entirely with the issue of whether negligence in spraying 2–4–D is active, consisting of affirmative acts, or only passive. The question was material to the court's decision of the existence vel non of a trespass. At no point in the opinion is the existence of actual negligence in spraying the 2–4–D considered. Clearly the opinion proceeds on the assumption that the defendants there under the facts proved were guilty of negligence in spraying the 2–4–D. In no view can the decision be said to be contrary to Gulf, C. & S. F. Ry. Co. v. Oakes, supra, or Turner v. Big Lake Oil Co., supra.

We are not called upon by the point under consideration to inquire into the justness of the verdict, nor into whether on the evidence it should be set aside. Plaintiff's position under this point is limited to a claim that we should declare that the trial court incorrectly construed the legal effect of the verdict. However, we are of the opinion that the trial court properly rendered judgment on the verdict for the defendants and against the plaintiff. We overrule appellant's third point.

By his fourth point appellant claims the court failed to disregard the jury's finding that Boynton was an independent contractor and in refusing to enter judgment in favor of appellant against Bieri. Appellant's point does not require discussion. It is obvious that the complained-of finding is rendered immaterial by other findings and that it does not form the basis of judgment in whole or in part.

Under his first point appellant asserts that it was reversible error for the trial court to admit, over appellant's objection that the evidence was hearsay, certain testimony of the witness, Robert Pegram, based on the records of South Texas Water Company to the effect that numerous rice farms other than defendant Bieri's but in the general vicinity of his farm, were sprayed with 2–4–D by aircraft at or about the time appellant's cotton crop was damaged. The witness claimed no personal knowledge of the matters to which he testified, so that unless the records upon which his testimony was based were admissible the evidence was hearsay and incompetent. It was not shown that the records represented information recorded or transmitted by an employee or representative of South Texas Water Company, as contemplated by art. 3737e, Vernon's Ann.Tex.Civ.St. The evidence was therefore not admissible under the statute.

Whether it was otherwise admissible, we need not determine since it is abundantly plain that Pegram's testimony was merely cumulative of admitted facts previously established by plaintiff's case. Before the witness Pegram took the stand, plaintiff himself had testified to the general use in the vicinity of his farm of 2–4–D to spray rice crops by aircraft. Also he had introduced similar testimony by his witness, Jack Garrett, who testified that spraying of rice fields was general and widespread in the area and that the witness himself sprayed his own crop aerially with 2–4–D in 1953. Appellant made no objection to this proof. It is well established that error

in admitting testimony is harmless if other evidence of the same facts is admitted without complaint. Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710. Appellant's point shows no prejudice or harm resulting from the evidence complained of.

Appellant's sole remaining point is that the trial court erred in refusing to submit issues inquiring whether the defendants released 2–4–D *in the area where the planes were being loaded* and whether such constituted actionable negligence. As of the time of the submission of the case to the jury, the requested issues were admittedly beyond the scope of plaintiff's pleadings. Though plaintiff's request during the trial to be permitted to file an amendment which would support the submission of the requested issues was denied, plaintiff has no point complaining of abuse of discretion by the trial court in this respect. Rather, it is his position that he was entitled under the evidence to have the issues submitted because, as he claims, the issues, though not raised by the pleadings, were tried by express or implied consent of the parties. See Rule 67, Texas Rules of Civil Procedure. The record fails to reveal that the requested issues were tried by the express or implied consent of the parties. On the other hand, it affirmatively demonstrates that the defendants successfully opposed the court granting leave to file a trial amendment which would have supported submission of the issues on the ground that such pleading for the first time raised any question of the propriety of defendants' conduct at the loading site; that there was no evidence to substantiate the requested allegations and that defendants were not prepared to defend against the contentions contained therein which came too late. In this connection it should be observed that the loading site was some distance removed from the Bieri rice field and that as of the time the trial amendment was offered plaintiff's pleadings were limited to allegations of negligence in connection with the actual spraying of the 2–4–D on the field itself. We find no basis for appellant's claim that

the trial court was required to submit the issues under Rule 67. Plaintiff might have, but did not ask to be allowed to withdraw his announcement of ready.

For the reasons stated, we find no warrant for reversal of the judgment of the trial court, and it is accordingly affirmed.

CODY, J., not sitting.