**Tom M. MILLER, Appellant,**

v.

**C. P. GAHAGAN et al., Appellees.**

No. 15924.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 12, 1958.

Tom M. Miller, Graham, for appellant.

Jennings & Montgomery and Elton M. Montgomery, Graham, for appellees.

PER CURIAM.

On June 20, 1958, we filed an opinion in this case. After further study of the case on motion for rehearing, we have concluded there were certain errors in that opinion. Hence, the former opinion is withdrawn and the following is substituted therefor.

In 1941 appellees C. P. Gahagan and Mary Gahagan Elkins acquired an undivided one-fourth interest in the minerals in a tract of 246.4 acres of land, the grantor, by his deed of conveyance, reserving unto himself, his heirs and assigns, the absolute power and authority to execute oil, gas and other mineral leases on said land as might seem proper to grantor, and to receipt for and collect any bonus or other down payment on such leases, without the joinder by the grantees, but with the obligation to pay to appellees one-fourth of such bonus or other down payments. On October 30, 1952, appellant Tom M. Miller purchased the interest of appellees' grantor.

Appellees sued appellant and alleged that on June 21, 1954, appellant leased the minerals in said tract to Gene Van Dyke for $10 per acre and collected the money there-

for; that $616 thereof belonged to appellees; and that appellant had failed and refused to pay appellees that amount or any part thereof. Appellant denied that he had leased appellees' interest in the minerals, and pleaded the two-year statute of limitation, Vernon's Ann.Civ.St. art. 5526.

The jury found that appellant leased appellees' interest in the minerals along with his own and that the consideration was $10 per acre, which was paid to appellant in September, 1954, of which amount appellees were due to be paid by appellant the sum of $616; appellant failed to pay that amount or any part thereof; appellees were entitled to exemplary damages in the sum of $400 and attorney's fees in the sum of $250. Judgment was rendered for appellees for those amounts. There was no motion for new trial. However, appellant filed a motion for judgment, which was overruled.

Appellant presents the following points of error: (1) it was error not to render the judgment for appellant on the plea of limitation; (2) it was error to render judgment for exemplary damages; and (3) it was error to render judgment for attorney's fees.

Suit was filed July 21, 1957, which was more than two years and less than four years after it was found appellant received the money for the lease.

■ We think the court was correct in holding that the two-year statute of limitation does not apply. Article 5527, Vernon's Ann.Civ.St., provides that the four-year statute of limitation applies to suits for debt if founded upon any contract in writing. The contract in writing to pay appellees their portion of the lease money was made by appellees' grantor; but we think appellant assumed that obligation when he accepted the deed from this grantor.

In International Printing Pressman and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729, 735,

the court quoted 1 Am.Jur., p. 442, as follows: " 'If the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading.' " For other holdings bearing upon the point, see Orbeck v. Alfei, Tex.Civ.App., 276 S.W. 947; Berryman v. Flake, Tex.Civ.App., 20 S.W.2d 803; McCord v. Bailey, Tex.Civ.App., 200 S.W.2d 885; Vogel v. Zuercher, Tex.Civ. App., 135 S.W. 737; Davis v. Rush, Tex. Civ.App., 288 S.W. 504; Dowlen v. C. W. Georgs Mfg. Co., 59 Tex.Civ.App. 124, 125 S.W. 931; Texas Western Ry. Co. v. Gentry, 69 Tex. 625, 8 S.W. 98; Cavitt v. Amsler, Tex.Civ.App., 242 S.W. 246; Smith v. Nesbitt, Tex.Civ.App., 235 S.W. 1104.

Appellees insist that the points as to exemplary damages and attorney's fees should not be considered because appellant did not file a motion for new trial, and that in his motion for judgment he specified one ground only, namely, the question of limitation of two years.

Rule 324, Texas Rules of Civil Procedure, provides that a motion for new trial shall not be a prerequisite to an appeal where a motion for judgment on the verdict is made by the party who becomes appellant and is overruled.

After the verdict was received by the court, appellant duly filed his "motion for verdict in this case, for the reason that the verdict of the jury, as therein shown, is for the defendant, and against the plaintiff, and more particularly said verdict in its Special Issue Number 5, reads as follows:

"Special Issue No. 5: From a preponderance of the evidence, on what date do you find defendant Tom M. Miller received plaintiffs' portion of the lease bonus, if you have so found? Answer by giving the month and year.

"Answer September, 1954.

"In this connection defendant would show the Court that the jury answered that such monies was received by defendant in September, 1954, which is in fact more than two years prior to the bringing of this lawsuit, and is barred by the Two year Statute of limitation in this case, and the only judgment that could be legally rendered would be in favor of defendant and against plaintiff.

"Wherefore, defendant prays the judgment be rendered and entered in favor of defendant and against plaintiff, and for such other and further relief, special and general as the record in this case may justify."

We are inclined to agree with appellees' construction of appellant's motion, and that it amounts to a motion for judgment on the verdict. Since appellant was not entitled to a judgment "on the verdict" because the suit was not barred by the two-year statute of limitation, we think the points as to exemplary damages and attorney's fees are not before the court.

When an appellant does not file a motion for new trial, but does file a motion for judgment, the scope of appellate review is limited to the points raised in the motion for judgment. The purpose of a motion for new trial as a prerequisite to an appeal is to insure that the grounds of error to be made the basis for a reversal shall first be called to the attention of the trial court, in order that such errors may be corrected without the expense and delay of an appeal. Rule 324, T.R.C.P.; City of Fort Worth v. Hill, Tex.Civ.App., 306 S.W.2d 817; Daniel v. Fry, Tex.Civ.App., 195 S.W.2d 155.

Believing that the trial court correctly held that the two-year statute of limitation did not preclude recovery by appellees, and that there is no other point which we may properly consider, the judgment is affirmed.