**D. N. GAMBLIN, Appellant,**

v.

**Cecil INGRAM et al., Appellees.**

**No. 4225.**

Court of Civil Appeals of Texas.

Waco.

April 30, 1964.

McCown & Cobb, Dumas, for appellant.

Richards & Ferguson, Dalhart, for appellees.

TIREY, Justice.

This is a negligence case. Plaintiff Gamblin and defendant Burkett are neighboring farmers in Moore County, Texas. In 1960 plaintiff planted a cotton crop and defendant Burkett planted a maize crop; in the summer the rains were heavy and prevented Burkett from killing the weeds in his maize crop with cultivators. He employed defendant Ingram to spray his maize with Herbicide 2, 4–D for the purpose of killing weeds in the maize. Plaintiff alleged that defendants were negligent in the manner in which they sprayed the maize crop and that the herbicide used came in contact with plaintiff's cotton crop and damaged his crop to the amount of $11,-343.08, and he prayed for appropriate relief. The jury, in its verdict, found substantially (1, 2, 3 and 4) that plaintiff's cotton was damaged by the herbicide used by Ingram and Burkett in spraying the maize, but that the damage to the cotton was not caused solely by the herbicide sprayed by persons other than defendants, and that the cotton crop did receive damage from the Herbicide 2, 4–D sprayed by persons other than defendants; (6 and 7) that Ingram failed to confine the herbicide he was spraying outside the boundaries of the plaintiff's cotton, but that such failure on the part of Ingram was not negligence; (9, 12 and 13) that Ingram did not allow the herbicide to drift onto plaintiff's cotton, but that Ingram did allow the herbicide to blow onto the plaintiff's cotton, but such action was not negligence.

The court granted defendants' motion for judgment on the verdict and decreed that plaintiff take nothing by his suit and taxed costs against him. Plaintiff seasonably perfected his appeal to the Amarillo Court, and the cause is here on transfer.

■■■ The judgment is assailed on what appellant designates as 11 points. Points 1 to 8 inclusive are substantially to the effect that the Court erred in overruling his motion for new trial because the verdict is contrary to the overwhelming weight of the evidence; that the jury's answers to issues 7 and 13 are not supported by the evidence, because all the evidence shows, as a matter of law, that Ingram's failure to confine the herbicide outside the boundaries of plaintiff's cotton crop was negligence, and that the jury's findings to issues 7 and 13 are against the overwhelming weight of the evidence, and that there is no evidence to support the answers of the jury to issues 7 and 13. We overrule each of the foregoing contentions for reasons which we shall hereafter briefly state. First of all, plaintiff grounded his cause of action against the defendants on their negligence in spraying the maize and, in so doing, alleged various and sundry acts of negligence on the part of each defendant. Much testimony was tendered in behalf of all the parties, the statement of facts containing a total of 401 pages, which we have examined very carefully. Under the testimony tendered, it was a fact issue for the jury to say whether or not plaintiff's damage was caused by the negligent conduct of the defendants and they were acquitted of all negligence in this behalf. Under the foregoing factual situation this cause is ruled by the pronouncements of our Supreme Court in Gulf, Colorado and Santa Fe Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, and 52 L.R.A. 293, and Turner et al. v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221. As we understand these decisions, the plaintiff had the burden of showing that defendants were guilty of negligent conduct proximately causing his loss before he is entitled to recover. (The opinions of our Supreme Court in the foregoing cases are clear and comprehensive, and the rule there stated has not been changed.) Our Houston Court of Civil Appeals in Vrazel v. Bieri, 294 S.W.2d 148 (n. r. e.) applied the foregoing pronouncements in an action for damages as a result of herbicide sprayed on plaintiff's crops from an airplane, wherein the factual situation is quite similar to the factual situation before us. Under the foregoing decisions the plaintiff here had the burden of obtaining fact findings of actionable negligence before he is entitled to judgment. Our view of all the evidence tendered is ample to sustain the jury's answers to issues 7 and 13 in the Court's main charge, and that such answers are not against the great weight and preponderance of the evidence so as to be manifestly unjust under the doctrine announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. See also "No Evidence and Insufficient Evidence", 30 Tex.Law Rev., 803.

■ Points 9, 10 and 11 are to the effect that the Court erred in entering judgment for defendants because there is an irreconcilable conflict in the answer of the jury to issue 2 with the answers to issues 7 and 13. Appellant says that the conflict arises because, (1) in the jury's answer to issue 2, it found that plaintiff's crop was damaged by the use of the herbicide sprayed by Ingram at the instance of defendant Burkett, and (2) because the findings of the jury in issues 7 and 13 are to the effect that there was no negligence on the part of defendants in the spraying, and thus presents an irreconcilable conflict in the verdict. There is no merit in this contention, because the jury has found, under all the surrounding facts and circumstances, that Ingram and Burkett were not negligent in the spraying of Burkett's maize; and since there is ample testimony to support the findings that there was no negligence in this respect, such view brings this cause within the rule announced in the Oakes, Turner and Vrazel cases, supra. That is to

say that under the rule there announced there can be no recovery on plaintiff's behalf without a finding of negligence. In Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, (writ ref.) we find this statement of the rule as to conflicts in verdicts:

"The test in such case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant."

This statement of the rule was approved by our Supreme Court in Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453. Our Supreme Court again approved the foregoing rule in Siratt v. Worth Construction Company, 154 Tex. 84, 273 S.W.2d 615. In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, our Supreme Court made this statement of the rule:

"To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it."

In this case the jury found that defendants were not guilty of any negligent conduct submitted to it. So, under the decisions here cited, the plaintiff could in no event be entitled to a judgment on the verdict. See also Maynard v. Dallas Railway & Terminal Company, Tex.Civ.App., 291 S.W.2d 363 (n. w. h.).

We find nothing in the case of Leonard v. Abbott, Tex., 366 S.W.2d 925, that changes or limits in any way the rule announced by our Supreme Court in the Oakes and Turner cases, supra, and under the factual situation here the Leonard case has no application to the case at Bar. Perhaps we should say that the Herbicide Control Act, Art. 135b–4, Vernon's Ann.Tex. Civ.St., expressly excludes Moore County and other counties from this Act and, therefore, has no application to the case before us. We think further comment on this case, under the jury's findings, would be of no avail. We have considered each of appellant's points, and each is overruled. Because of the disposition made of this case, the appellees' counter-points pass out of the case.

Accordingly, the judgment of the trial court is affirmed.