**MONTGOMERY WARD & CO., Appellant,**

**v.**

**Anthony J. RANDIO, Appellee.**

**No. 6929.**

Court of Civil Appeals of Texas.

Beaumount.

Sept. 14, 1967.

Rehearing Denied Oct. 4, 1967.

Baker, Botts, Shepherd & Coates, Houston, for appellant.

John J. Toomey, Toomey & Toomey, Houston, for appellee.

PARKER, Justice.

Anthony J. Randio, a passenger in a car driven by Dechman, sued Montgomery Ward & Co. and James Davenport Jelley for damages for personal injuries sustained in an automobile accident on October 3, 1964. Dechman filed a separate suit against the same defendants arising out of the same accident. The two cases were consolidated and tried together. Upon a jury verdict Randio recovered damages in the amount of $2,593.46 from Jelley and Montgomery Ward & Co. Dechman took nothing as against the same defendants. Montgomery Ward & Co. by way of indemnity recovered $2,593.46 from Jelley. Montgomery Ward & Co. appeals from the judgment Randio obtained against it. Randio will be called appellee and Montgomery Ward & Co. will be called appellant.

Appellee alleged that James Davenport Jelley was Montgomery Ward & Co.'s agent and/or servant and/or employee and in the course and scope of his employment with the defendant, Montgomery Ward & Co., when the collision occurred due to the negligence of the appellant and Jelley. Appellant pleaded general denial and alleged the affirmative defense that Jelley was an independent agent and not in the course and scope of his employment for appellant when

the accident occurred. The jury found in answer to special issue No. 1 that Jelley was not an independent contractor. In answer to special issue No. 2 the jury found Jelley was an employee of appellant. Further the jury found that negligence on Jelley's part proximately caused the accident; that the plaintiff Dechman was guilty of contributory negligence which was not the sole proximate cause of the accident; that the accident was not unavoidable; and that Randio had sustained damages in the amount of $2,593.46.

By special issue No. 2 the jury found that at the time of the collision in question the defendant, James Davenport Jelley, was an employee of the defendant, Montgomery Ward & Co. Appellant objected and excepted to such issue and the court's submission thereof because there is no evidence and insufficient evidence that Jelley was an employee with respect to his activities at the time in question, and the overwhelming weight and preponderance of the evidence is to the contrary, and because said issue "is insufficient to support a judgment against defendant, Montgomery Ward & Co., on any theory of the defendant, James Davenport Jelley, being engaged in work 'or activities' as an employee in the course and scope of his employment at the time in question for defendant, Montgomery Ward & Co." Appellant moved the trial court to disregard the jury's answers finding that Jelley was not an independent contractor and because there was no finding that he was in the course and scope of his employment that it have judgment that Randio take nothing against it.

■ At the close of all the evidence the appellant made its motion for directed verdict urging that the evidence clearly showed that the defendant, James Davenport Jelley, was, in regard to the outside calls that he made in connection with his relationship with Montgomery Ward & Co. an independent agent setting forth its reasons for making such motion, and that there

was no evidence and insufficient evidence that Montgomery Ward & Co. had either the right of control or exercise of control over Mr. Jelley in his personal activities directed toward sales of Montgomery Ward products. This was overruled. Appellant did not file any motion for new trial. This appeal is limited to what may be considered by appellant moving for judgment after return of jury verdict. Rule 301, Texas Rules of Civil Procedure, provides that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper and further that the court may upon like motion and notice, disregard any special issue or jury finding that has no support in the evidence. The trial court could have sustained appellant's motion for judgment non obstante veredicto only if an instructed verdict would have been proper. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603 (1953). A directed verdict is never justified except when there is no evidence.

Appellant has two points of error which will be considered together:

1. Appellant's motions for directed verdict, objections to special issues 1 and 2, and motion to disregard and for judgment should have been sustained because the evidence conclusively established as a matter of law that the defendant, Jelley, was an independent agent in the activities in which he was allegedly engaged at the time of the accident, and there is no evidence, and the evidence is insufficient, to support the findings he was not an independent agent and was a servant in such activities.

2. Appellant's motion for judgment should have been sustained because there is no finding the defendant, Jelley, was in the course and scope of his employment for appellant.

■ Mr. Jelley testified that he worked for Montgomery Ward & Co. prior to and

including the date of the accident, October 3, 1964, selling central air conditioning and heating units with duct work, both inside and outside appellant's store. He worked on the floor as a salesman and his pay on the floor and outside was the same, being paid on all sales an 8%. commission with a draw of $60.00 per week. He received one pay envelope each week for both inside and outside sales with Montgomery Ward holding out social security and withholding tax on commission on sales both inside and outside the store. His hours and duties were assigned by his immediate superior, Mr. Clemens. On the floor he worked 4 hours every other day and 8 hours every other day except Tuesday. From 20–30 hours a week he spent on outside sales. When appellee left the store to make outside calls he would tell his boss the time of appointment, where he was going, name of customer and turn in a card on return explaining results of the call. To leave the store to make outside calls, he had to have permission of his boss. Mr. Clemens gave him leads to customers and encouraged him to make outside sales. To sell central air conditioning units it was necessary to go to the home of the customer to take measurements to determine the placement of ducts and the size of the unit and he was instructed so to do. This required a sketch or drawing of the house showing position of the unit, return air, ducts and electricity. Most of these plans were drawn at appellee's home with the knowledge of his boss. Mr. Jelley used his car to call on customers and Mr. Clemens, his boss, knew this. Montgomery Ward paid him 8 cents per mile or 1% of total sales, whichever he chose, as an automobile allowance. The automobile allowance was paid by a separate pay enevlope from his regular pay. Appellant set the price for air conditioning unit that he sold, furnishing price lists which he could not vary and allowed a 25% variance in cost of duct work. All this equipment was supplied by Montgomery Ward & Co. unless they were out. Appellee could only sell Montgomery Ward products. The company furnished a contract form that was used on all jobs which had the company's name on it and was to be filled in by Jelley in the customer's home and then approved by appellant.

On the day of the accident, Saturday, October 3, 1964, it was a regular working day. He arrived at Montgomery Ward at 8:55 a. m., had lunch from 11:30 to 12:00, with permission of his boss and worked until 3:45 p. m. He advised Mr. Clemens that he had some calls to make that afternoon and discussed one of the calls, with a Mr. Galny, and received a special unit price from his boss for the equipment. Mr. Clemens gave Mr. Jelley permission to leave the store at 3:45 p. m. to call on Mr. and Mrs. Galny, whom he had seen previously taking measurements of their two-story home. He had made the drawings the night before. When Mr. Jelley went to his car in the appellant's parking lot, he discovered he had left the plans at home. He was on his way home by direct route to get these plans and take them to the Galny home when this accident happened at 4:15 p. m. Mr. Clemens told Mr. Jelley to be back at the store that afternoon at 6:00 p. m. After the accident and before 6:00 p. m. he called Mr. Clemens, notifying him of the accident and that he would not be back at work. At the time of the accident Mr. Jelley was driving his personal 1964 Pontiac.

A Mr. Wood, who was assistant manager of Montgomery Ward & Co. central air conditioning department, and a Mr. Lebedinzski were employed by appellant to make similar sales under similar conditions of such equipment.

Considering the evidence favorable to the jury finding in answer to special issue 1, the evidence supports the finding of the jury in answer thereto that Jelley was not an independent contractor. A directed verdict in favor of appellant at the close of the case was not authorized. Considering the entire record and all evidence the jury's finding in answer to special issue 1 is not

so against the great weight and preponderance of the evidence as to be manifestly unjust and wrong. Appellant's point of error No. 1 is overruled.

■ From the evidence detailed above, Jelley was in the course and scope of his employment for appellant. Although there is evidence to the contrary, there is sufficient evidence to have supported a finding that Jelley at the time of the accident was working in the course and scope of his employment for Montgomery Ward & Co., if such issue had been submitted. Appellee should have requested and obtained the submission of an issue as to whether Jelley, if an employee, was in the course and scope of his employment at the time of the accident. An affirmative answer to such an issue appellee had to have in order to recover as against appellant. Appellant objected and excepted to special issue No. 2 because it was insufficient to support a judgment against appellant on the theory of Jelley's being an employee of appellant and engaged in the course and scope of his employment at the time of the collision. Appellant was not required to request the issue for appellee. Rule 279, T.R.C.P. With no findings by the jury on the question of whether or not Jelley was acting as an employee in the course and scope of his employment at the time of the collision appellee was not entitled to recover against appellant. With the evidence being controverted on this question, the trial court could not make a finding of its own when appellant had made objection to special issue No. 2 Glen Falls Ins. Co. v. Slaughter, 386 S.W.2d 529 (Sup.Ct.1965); First American Life Insurance Company v. Slaughter, 400 S.W.2d 590 (Tex.Civ.App. 1966).

As in Kilgore v. Howe, 204 S.W.2d 1005 (Tex.Civ.App.1947), appellant admits it did not file a motion for new trial and asserts it did not want a new trial but wanted judgment rendered for him on the verdict of the jury. In effect, this is what the appellant is saying in this case. Appellant has termed its motion for judgment a judgment non obstante veredicto. Nevertheless, under Rule 324, T.R.C.P., it is stated: "An assignment in a motion for new trial shall not be a necessary prerequisite to the right to complain on appeal of the action of the court in * * * overruling a motion for judgment for appellant on the verdict." See also Jemerson v. Houston-American Finance Corp., 351 S.W.2d 574 (Tex.Civ. App.); American General Ins. Co. v. Beare, 225 S.W.2d 454 (Tex.Civ.App.); Miller v. Gahagan, 316 S.W.2d 160, 163 (Tex.Civ. App.); and Barron v. James, 145 Tex. 283, 198 S.W.2d 256, 259 (1946).

The verdict of the jury did not find that appellee was working for appellant in the course and scope of his employment at the time of the accident. Appellee had to establish this as a fact. Appellant in its motion for judgment in simple language stated it was entitled to judgment on the basis that appellee had wholly failed to establish this essential element of recovery. Appellant had brought this matter before the court in every way the rules provide in order to preserve the error. It was error, but there is evidence pro and con as to whether or not appellee was working as an employee of Montgomery Ward & Co. and in the course and scope of his employment at the time of the accident. Appellant's second point of error is sustained to the extent set forth in the disposition of this case.

The judgment of the trial court is reversed and remanded for new trial.