**WESTERN MINERALS, INC., Appellant,**

**v.**

**Homer HILL et al., Appellees.**

**No. 7911.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1969.

Rehearing Denied March 21, 1969.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, Strasburger, Price, Kel-

ton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellant.

Cowsert & Bybee, Hereford, for appellees; Ray Cowsert, Hereford, of counsel.

NORTHCUTT, Justice.

Western Minerals, Inc. instituted this suit against Hill Farms Feed Lot, a partnership composed of Homer Hill, Bob Hill, Kenneth Hill, Bill Hill and Ralph Futrell, for the balance due on an account for feed products sold and delivered, in the amount of $21,073.86, plus $5,166.64 statutory attorneys' fees; it was further alleged that the failure of defendants to pay such account and the stopping of payment on their check issued to plaintiff, with knowledge that funds were needed by plaintiff in order to continue operation of its business, forced plaintiff to close down its business, to its damage in the sum of $125,000.00. Defendants, in addition to denial of the claims of plaintiff, brought a cross-action for damages from the death and deterioration of their cattle allegedly due to consumption of a shipment of feed mixture from plaintiff containing poisonous and deleterious substantces, in the amount of $155,000.00, interest and costs.

After a jury trial, the trial court gave judgment in favor of defendants and cross-plaintiffs for the sum of $97,000.00, with an offset in the amount of $26,240.40, the total found by the jury as due on the account, plus reasonable attorneys' fees thereon, giving a net recovery against Western Minerals, Inc. in the amount of $70,759.50, plus interest and costs, and denying it any damages for the closing of its business.

From that judgment Western Minerals, Inc., hereinafter referred to as appellant, perfected this appeal. Homer Hill, et al. will hereinafter be referred to as appellees.

By appellant's first assignment of error it contends the court erred in rendering judgment against appellant in view of the finding of the jury that the death and ill-

ness of the cattle, at the time and on the occasion in question, was the proximate result of disease. By the second point it was contended the court erred in granting judgment against appellant in view of the jury's findings that the elements fed to the cattle by appellees, other than appellant's feed mixture, contained mercury or arsenic and that such elements were a proximate cause of the death and illness of the cattle.

It was appellees' contention that appellant's first and second points should not be considered because the issues therein raised were not brought forward and contained in appellant's original and amended motion for new trial and were therefore waived. Appellant filed its motion for judgment on the jury's verdict in favor of the plaintiff and cross-defendant (appellant herein) awarding it a recovery in the sum of $21,073.86 and $5,166.64 attorneys' fees for a total of $26,240.50 with interest and costs and denying the defendants and cross-plaintiffs (appellees herein) any relief on their cross-action.

One of the exceptions stated in Rule 324, Texas Rules of Civil Procedure, is that an assignment in a motion for new trial shall not be necessary as a prerequisite to the right to complain of the action of the court in rendering or refusing to render judgment for appellant on the verdict. Barron et al. v. James, 145 Tex. 283, 198 S.W.2d 256; Jemerson v. Houston-American Finance Corp., Tex.Civ.App., 351 S.W.2d 574; Montgomery Ward & Co. v. Randio, Tex.Civ.App., 419 S.W.2d 407; Miller v. Gahagan, Tex.Civ.App., 316 S.W.2d 160; American General Insurance Co. v. Beare, Tex.Civ.App., 225 S.W.2d 454. We overrule appellees' contention that appellant waived the issues raised in the two points of error.

The case was submitted to the jury upon special issues. In answer to Special Issue Nos. 1 and 2 the jury found appellant was entitled to recover judgment for the value of the feed sold together with attorneys' fees. In answer to issues found in favor

of appellees, the jury found appellees fed the feed mixture, sold by appellant to appellees, to appellees' cattle; that the cattle ate quantities of such feed; that such feed contained a combination of arsenic, lead and mercury in quantities harmful to the cattle; that such feed mixture consumed by said cattle was a proximate cause of the death and/or injury suffered by said cattle; that such feed mixture contained mercury in quantities harmful to the cattle; that such feed mixture consumed by the cattle was a proximate cause of the death and/or injury suffered by the cattle; that appellant sold and delivered to appellees feed mixture containing arsenic in quantities harmful to the cattle; that such feed consumed by said cattle was a proximate cause of the death and/or injury of the cattle; that said feed was reasonably unfit for feeding to the cattle; that such consumption of said feed was a proximate cause of the death and/or. injury suffered by the cattle; that such feed was not reasonably fit for consumption by the cattle and then found the amount of appellees' damages.

In answer to issues found in favor of appellant, the jury found that the death of and illness of the cattle as were ill at the time and on the occasion in question was the result of disease; that other feed fed to the cattle by appellees, that was not sold to appellees by appellant, contained mercury or. arsenic and that such feed was a proximate cause of the death and illness of such cattle.

Herein the jury found that the feed fed to the cattle that appellant sold appellees was a proximate cause of the death and/or injury suffered by appellees' cattle. The jury in other findings found appellees fed feed, that was not furnished by appellant, that had mercury or arsenic to their cattle and that was a proximate cause of the death and illness of such cattle. Consequently, there is no way to determine the extent of the injury to the cattle caused from the feed fed to the cattle that was furnished by appellant and that feed fur-

nished by appellees. In such cases it is held that where there is no basis for determining how much of the damages suffered resulted from the wrongful acts of the defendant and how much resulted from some other causes, a judgment would be based on mere conjecture and could not be upheld. Globe Aircraft Corp. v. Thompson, Tex.Civ.App., 203 S.W.2d 865 (n. w. h.) and cases there cited.

The findings of the jury as above set out clearly show that one of the findings warrants a judgment for appellant and other findings warrant a judgment for appellees. Consequently, such conflict destroys the verdict. Here the real issue as to the damage to the cattle is what caused the death and/or injury. One answer of the jury finds that the death and/or injury was caused by eating the feed furnished by appellant. Another issue finds that the death and/or injury was the result of disease.

█ The test in cases like the one here involved is whether taking the finding alone in one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant. Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473 (writ ref'd); Siratt v. Worth Construction Co., 154 Tex. 84, 273 S.W.2d 615; Gamblin v. Ingram, Tex.Civ. App., 378 S.W.2d 941; Potter dba Potter's Building Supplies v. Garner, Tex.Civ.App., 407 S.W.2d 537 (n. r. e.); Hancock v. Sammons, 267 S.W.2d 252 (n. r. e.) and Socony Mobil Oil Co. v. Slater et al., 412 S.W.2d 349 (n. r. e.).

That test is well stated and approved in Pearson v. Doherty, 143 Tex. 64, 183 S. W.2d 453, as follows:

"The rule is that there is no priority of findings, either in degree or importance, and where two findings with respect to a material fact are such that both cannot be true, then neither can stand. Speer's Law of Special Issues, p.

560, § 431; 41 Tex.Jur., p. 1226, § 361; City of Panhandle v. Byrd, 130 Tex. 96, 106 S.W.2d 660. 'The test in such (a) case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.' Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, writ refused. In this instance we have two findings with respect to the same material fact that are such that both cannot be true. If we take the finding alone in response to Issue No. 3, we would render a judgment for Pearson. On the other hand, if we take the finding alone in response to Issue No. 15 we would render a judgment for Doherty. It follows that these two findings are so conflicting and antagonistic with and to each other that neither can stand."

■ Since we are of the opinion that there are such conflicts in the findings of the jury that require a reversal of this case, we will not consider other points of error as they may not arise in another trial hereof. Judgment of the trial court is reversed and remanded.