**Lona Dean CRAIG and Lorayne Dean Milburn, Independent Executrixes of the Estate of Mae H. Dean, Deceased, Appellants,**

**v.**

**William H. DEAN, Appellee.**

**No. 7923.**

Court of Civil Appeals of Texas.

Amarillo.

March 31, 1969.

Rehearing Denied May 12, 1969.

Folley, Snodgrass & Calhoun, Amarillo, for appellants, O. M. Calhoun, Amarillo, of counsel.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellee, C. J. Humphrey, Amarillo, of counsel.

NORTHCUTT, Justice.

For convenience we adopt the statement of the nature of the case as stated by appellants.

"This appeal is from a summary judgment based upon the statute of limitations. The note sued upon is dated April 24, 1959, due within three years after date, payable to Mae H. Dean by her son, William H. Dean. Mae H. Dean died February 8, 1962. Her will appointed her two daughters and her son, William H. Dean, as Independent Executors of the will. The will was admitted to probate on February 26, 1962. Appellants, the two daughters of Mae H. Dean, qualified as Executrixes on the 26th and 28th of February, 1962. Appellants had no knowledge whatever of the note sued upon herein and did not know that it existed until in August of 1964, at which time a bank in Panhandle, Texas, discovered the note among its records concerning Mae H. Dean and delivered it to the appellants. Suit on this note was instituted by appellants in May of 1966. The District Judge granted appellee a summary judgment stating 'there is no genuine issue as to any material and ultimate fact in that the note sued upon and which is the basis of plaintiff's (appellant's) cause of action is barred by limitations.' "

Appellants present this appeal upon one point of error contending the court erred in holding the note sued upon was barred by limitations. Suit upon the note in question was not brought for several days after four years from due date of the note. Appellants had the note in their possession long before the four year statute of limitations applied.

Art. 5527, Vernon's Ann.Texas Civil Statutes, provides:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description:

1. actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

It is stated in Atkins v. Crosland, Tex., 417 S.W.2d 150 by the Supreme Court as follows: "We must first determine when the plaintiff's cause of action accrued, for it is at that time that the two year statute of limitations began to run."

In 37 Tex.Jur.2d, P. 235, Sec. 88, it is provided:

"An action on a negotiable instrument must be brought within four years from the time that the cause of action accrues. Thus, where the date of maturity is specified, the action must be brought within the prescribed period thereafter."

There is no dispute as to the suit not being brought within four years after the due date of the note. We hold the trial court was correct in holding the cause of action was barred by the statute of limitations. The judgment of the trial court is affirmed.

DENTON, C. J., concurs in result.

JOY, Justice (dissenting opinion on motion for rehearing).

I would grant the motion for rehearing.

This is a summary judgment case and it is incumbent upon the moving party to show no genuine issue of a material fact. Appellants' contention that the statute of limitations did not begin to run until discovery of the note which gave rise to the cause of action raises a genuine issue as to a material fact.

The general rule as stated in 54 C.J.S. Limitations of Actions § 205, P. 216 is that ignorance of a cause of action ordinarily does not toll the statute of limitations. It is further stated "* * * the statute runs from the time the cause of action first accrues notwithstanding such ignorance, if the facts may be ascertained by inquiry or diligence, or if the ignorance is not willful and does not result from negligence or lack of diligence. The reason for the rule seems to be that in such cases ignorance is the result of want of diligence and the party cannot thus take advantage of his own fault."

Art. 5527, R.C.S. provides that actions or suit upon a debt founded upon a contract in writing must be commenced within four years from the date the cause of action shall have accrued. However, the courts of this state have recognized as an exception to the statute of limitations one referred to as the "discovery" rule, or the "blameless ignorance" rule. That is that the statute of limitations does not *begin* to run until a party learns of his cause of action, or in the exercise of ordinary diligence, should have learned of the cause of action. Gaddis v. Smith, 417 S.W.2d 577 (Sup.Ct.); Atkins v. Crosland, 417 S.W.2d 150 (Sup.Ct.); Harrison v. Orr, 296 S.W. 871, modified in 10 S.W.2d 381 (both

Comm.App. and approved); McCord v. Bailey, 200 S.W.2d 885 (Tex.Civ.App.) n. w. h.; Kennedy v. Ellisor, 154 S.W.2d 284 (Tex.Civ.App.) refused; Cox v. Clay, 237 S.W.2d 798 (Tex.Civ.App.) refused n. r. e.

The fact that plaintiffs discovered the note in question in the middle of the limitations period, had limitations begun to run on the due date of the note, is immaterial if the statute did not *begin* until the note was discovered. Plaintiffs would still have four years from the date of discovery in which to file their suit.

Whether or not plaintiffs' lack of knowledge of their cause of action was caused by their failure to exercise ordinary diligence is a question of fact to be determined upon a trial on the merits.

Defendant's affidavit filed in support of his motion for summary judgment set out the defense of cancellation of the note by agreement between the defendant-payor and the deceased-payee. This issue also is one for determination by the trier of the facts. However, since this contention is controverted by plaintiffs' pleading and affidavit, defendant's contention is not considered herein in view of the fact that this is a summary judgment.

Although there seems to be no cases directly in point, I am of the opinion that the reasons for the exception to the statute and the general rule seem to be no less compelling herein than in those cases where our courts have applied the exception in equity wherein the party sought to be held chargeable with the statute of limitations did not know, and could not have known by the exercise of reasonable diligence, of his cause of action.

I would grant the motion for rehearing and reverse and remand.